ELI B. FELSENTHAL, Admr.

*v.*

SAMUEL J. KLINE *et al.*

*Opinion filed February 21, 1905.*

1. EXECUTORS AND ADMINISTRATORS—*claims of sixth class are limited to actual, technical trusts.* The word "trust," used in section 70 of the Administration act, making unaccounted-for trust funds a claim of the sixth class, is restricted to technical trusts, and does not include trusts which the law implies as growing out of contracts.

2. SAME—*claims for money owing by loan broker to customers are of the seventh class.* Claims by customers of a loan broker for money received by him to loan out are of the seventh class, even though the broker keeps a separate bank account, as trustee, in which are included the principal and interest of the money received from his customers, together with funds of his own, consisting of fees and commissions for transacting the business.

3. SAME—*when an administrator is personally liable for costs.* The costs of litigation clearly carried on for the benefit of the administrator personally, and not for the estate, should be paid by the administrator personally and not in due course of administration.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

On September 3, 1899, Herman Felsenthal died intestate and appellant was appointed administrator of his estate. He found in the Union National Bank of Chicago two accounts, one being the personal account of Herman Felsenthal, in which there was a balance of $176.62, and the other being in the name of Herman Felsenthal, trustee, in which there was a balance of $11,166.71. This last account was made up of items which the deceased had received from certain customers for whom he acted as a broker or loan agent. These customers presented claims to the administrator for the amounts which they claimed to be due them, and he paid

them before they were filed in the probate court, but whether out of funds belonging to the estate or from his own personal moneys does not appear. He had the claims, however, assigned to himself in the name of Samuel J. Kline, and he filed them for probate in a single amount, aggregating $6186.09. The court allowed $219.95 of the amount as a first-class claim, and the balance, $5966.14, as a seventh-class claim, and ordered both paid in due course of administration. The claimant, Kline, who in fact represented the administrator, insisted that $5671.05 of said balance should be allowed as of the sixth class, but one Alphonsine Sicotte, a third-class creditor of the estate, resisted that claim, and it was disallowed, as above stated. From the order refusing to allow the claim as of the sixth class the administrator took an appeal to the circuit court, where the same order was entered as in the probate court. He then appealed to the Appellate Court for the First District, but the order and judgment of the circuit court were affirmed, and he now brings the case to this court.

EDWARD C. FITCH, for appellant.

F. S. BAIRD, for appellee Alphonsine Sicotte.

Mr. JUSTICE WILKIN delivered the opinion of the court:

In the trial of the case in the circuit court certain facts were stipulated, among others, that the only controversy is over the classification of the sum of $5671.05,—whether this sum, or any part thereof, should be allowed as a claim of the sixth class or allowed as of the seventh class. It was also agreed in that stipulation that the deceased engaged in the business of loaning money for others as a broker or as their agent, and it appears from the evidence that for his own convenience he kept a bank account as such agent or broker, which at the time of his death amounted to the sum of $11,166.71. In that account there were included princi-

pal and interest of money received from very many different parties, as is shown by the claim filed in the name of Kline, together with funds which belonged to the deceased as his commission or fee for transacting the business. There is nothing whatever to show that he held the money in trust for any purpose, within the meaning of the statute.

Section 70 of chapter 3 of Hurd's Statutes of 1903 provides for the classification of claims against the estates of deceased persons. The sixth clause provides, "where the deceased has received money in trust for any purpose, his executor or administrator shall pay out of his estate the amount thus received and not accounted for." Such claims are designated as of the sixth class. By the seventh clause, debts and demands of every kind and character not included in the other six classes are to be allowed as of the seventh class. We have uniformly held that the word "trust," as used in the sixth clause, is not to be taken in its general sense as embracing every case in which a confidence has been reposed, but must be understood in the restrictive sense, and applies only to technical trusts, having no application to trusts which the law implies as growing out of contracts. (*Wilson* v. *Kirby,* 88 Ill. 566; *Svanoe* v. *Jurgens,* 144 id. 507; *Shipherd* v. *Furness,* 153 id. 590.) There is no construction of the facts in this case which can bring it within the definition of a trust as defined by these decisions, and the courts below have each properly placed it in the seventh class.

As suggested by the Appellate Court, what possible interest can the estate of Herman Felsenthal have in the classification of this claim as of the sixth class rather than of the seventh? Manifestly, none whatever. It would certainly gain nothing by being required to pay a claim as of the sixth class rather than as of the seventh. If the object of the administrator is to protect himself, personally, for the payment of the claim out of his own moneys, he fails entirely to prove, first, that he did pay them from his private moneys; and secondly, that the estate is not amply able to pay claims in

full of every class. It is quite possible that the condition of the estate warranted the administrator in prosecuting this appeal, but if such is the case the administrator failed to disclose the same.

We think, under the facts of this case, the appellant administrator should be required to pay the costs of this litigation personally, and not in due course of administration.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*