Barbara Schottler, Administratrix, Appellee, v. Edward J. McArdle et al., Appellants.

### Gen. No. 17,548.

1. ATTORNEY AND CLIENT—*no lien on fund acquired through suit.* An attorney has no lien for legal services upon moneys coming into his possession through bringing suit for an administratrix, and the Attorney's Lien Law of 1909 (R. S., c. 82, § 55), has no application.

2. ATTORNEY AND CLIENT—*right to contract with beneficiaries in action for wrongful death.* Where an attorney receives money through an action for wrongful death brought in the name of an administratrix, he cannot retain the money for legal services by virtue of a contract made with some of the beneficiaries, and must account to the administratrix.

3. DEATH—*right of usees to control suit.* All of the usees in a suit for damages on account of wrongful death cannot be bound by the action of one or more of them, less than the full number.

4. ATTORNEY AND CLIENT—*right to contract with employee appointed administrator.* It is doubtful whether attorneys may cause an employee to be appointed administrator of an estate and then make a binding contract with such administrator fixing the amount of fees to be allowed them for their legal services.

Appeal from the Circuit Court of Cook county; the HON. MAZZINI SLUSSER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed October 22, 1912.

McARDLE & McARDLE, for appellants.

HARRIS F. WILLIAMS, for appellee.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

The appellee was appointed by the Probate Court of Cook County as administratrix of the estate of Thomas Burke. Thereafter suit was brought in her name, as such administratrix, by the law firm of Sullivan & McArdle, against the City of Chicago for damages under the statute for causing the death of the intestate. After the suit was brought, but before hearing, the firm of Sullivan & McArdle dissolved and the case was taken over by the firm of McArdle & McArdle, appellants. Thereafter suit was brought in the name of appellee, as administratrix, against Swift & Company, also charged with responsibility for the death of the intestate. Such proceedings were had that a settlement was effected with the City and Swift & Company, a judgment being rendered by consent against the City for $750, which judgment was afterwards sold for $727.63. This amount, together with the sum of $750, obtained from Swift & Company in settlement, came into the hands of the appellants. The appellants made a check to the appellee for $710.73, keeping the balance of the fund, which, less expenses, amounted to

$727.63, claiming the same as their fees for services. Thereafter suit was brought in case by the appellee, as administratrix, against the appellants for such balance. There was a trial before the court and a jury, the jury finding for the appellee and assessing her damages at $437.60. The court required a remittitur of $193.41 and entered judgment for $243.09, upon such remittitur being filed.

We are asked to reverse the judgment upon the ground that the verdict was against the weight of the evidence in that, first, there was not a demand made; second, there was a settlement by which appellee was bound. It is also insisted that there can be no recovery in the present proceedings in tort, because the appellee, by receiving and accepting a check on July 31, 1906, assented to the retention by the appellants of the balance of the money.

The case seems to have been tried upon the theory that the appellants had a lien for legal services upon the fund which came into their possession. We think this was erroneous. In the case of Dougherty v. Hughes, 165 Ill. 384, it was held that in the absence of an express agreement out of which an equitable assignment arises, an attorney acquires no lien upon a judgment rendered in a suit prosecuted by him, nor upon the money recovered by means of his legal services. To the same effect are Humphrey v. Browning, 46 Ill. 476; Forsythe v. Beveridge, 52 Ill. 268; La Framboise v. Grow, 56 Ill. 197; Nichols v. Pool, 89 Ill. 491 and Story v. Hull, 143 Ill. 506. It has been held that an administrator is personally liable for their fees to attorneys whom he employs. It also has been held that under some circumstances an attorney has a general or retaining lien which attaches to all papers or documents, etc., which the attorney receives professionally as distinguished from a charging lien. Sanders v. Seelye, 128 Ill. 631. We have been able to find no case, however, which is authority for the proposition that an attorney has a lien upon moneys which

come into his possession but which can only properly be distributed upon an order of the Probate Court.

On July 1, 1909, a statute became in force in this state, entitled, "An Act Creating Attorneys' Liens and for the Enforcement of Same," Section 55, Chapter 82, R. S. This was three years after the rights of the parties to this suit were fixed, and even if it had been earlier adopted would have had no application.

The appointment of appellee as administratrix of the estate was procured through the instrumentality of Mr. Ardle, then of the firm of Sullivan & McArdle and one of the appellants.

The contention of the appellants is, that when it was determined to bring the second suit a new contract was made between the appellants and one or more of the beneficiaries, whereby appellants were to be paid fifty per cent. of the amount recovered, and it is insisted that this contract is binding upon the appellee.

We know of no principle of law under which all of the usees in a suit for damages on account of wrongful death can be bound by the action of one or more of them, less than the full number. This suit was under the control of the administratrix. McIntyre v. Sholty, 139 Ill. 171, and cases cited. The administratrix, as it appears from the record, entered into the usual bond in the Probate Court for the faithful administration of the trust. As administratrix she must account to the Probate Court. Although the amount recovered is not part of the assets of the estate, and belongs, less expenses of administration, to the next of kin of deceased, still the sureties upon the administrator's bond are liable. Goltra v. People, 53 Ill. 224. She is entitled to credit for attorneys' fees paid by her, only so far as the Probate Court finds that such fees are reasonable. In our opinion the appellants should have paid over to the appellee the full amount recovered from the City and Swift & Company. They should have made application to the Probate Court

for an order fixing the amount of attorneys' fees, and then have been paid by the administratrix the amount so fixed by the Probate Court. It is extremely doubtful whether attorneys may cause an employee to be appointed administrator of an estate, and then make a binding contract with such administrator fixing the amount of fees to be allowed them for their legal services. Under such circumstances the parties are not dealing at arms length. In this case appellants contend that no contract for fees was made with appellee. Appellee insists the contract was that they should be paid one-fourth of the amount collected if the cases were settled, and one-third if there were a trial.

For the reasons stated we think the trial court would have been justified, if so requested, in instructing the jury to find a verdict for the full amount claimed by the appellee in her declaration. Miller v. Pinkney, 164 Ill. App. 576. Such an instruction, however, was not tendered, and no cross-errors are assigned.

The judgment is affirmed.

*Affirmed.*