John Ramming, Defendant in Error, v. Charles E. Roland and Thomas Hennessy, Plaintiffs in Error.

Gen. No. 21,030.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN COURT-NEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed February 16, 1916.

### Statement of the Case.

Action by John Ramming, plaintiff, against Charles E. Roland, Thomas Hennessy and Frederick Erb, defendants.

Plaintiff's statement of claim was as follows:

"Plaintiff's claim is for labor and materials furnished for carpenter repairs and alterations to the building No. 451 E. 41st street, Chicago, Illinois, done between March 20th and April 20th, 1914, under orders from defendant, Frederick Erb, the contractor, agent and superintendent of the repairs to said building for the owners thereof, viz.: the defendants Charles E. Roland and Thomas Hennessy; that the sum due this plaintiff for said work and material is $292.29; that the plaintiff caused to be served the notices prescribed by the statute in relation to Mechanic's liens upon the said defendants Roland and Hennessy on April 29, 1914, and April 30, 1914, respectively."

To this statement of claim defendants filed separate appearances and affidavits of merits. Thomas Hennessy denied ownership of the premises, and further, that the statutory notice had been served upon him as set forth in the statement of claim. Charles E. Roland admitted ownership of the premises in question, and further alleged that with reference to the labor and materials sued for, the same was the subject-matter of a contract which he had entered into with one Frederick Erb, and that he did not know of plaintiff's ever having furnished the labor and materials on the premises in question; he further denied

ever having received a notice of lien claim as set forth in plaintiff's statement of claim. Frederick Erb, as a contractor, denied that he ever for himself, as a contractor, entered into an agreement with plaintiff to furnish labor and materials for the carpenter repairs and alterations to the building in question, and further denied that he had a contract for said repairs to said building with the owners thereof.

The record shows that plaintiff dismissed his suit as to defendant Erb, and that the court, trying the case without a jury, found the issues against defendants Roland and Hennessy, and assessed plaintiff's damages in the sum of $292.29, for which amount judgment was entered, to reverse which defendants Roland and Hennessy prosecute this writ of error.

Defendants, in urging a reversal of the judgment, proceeded upon the theory that plaintiff's action was brought under section 28 of the Mechanic's Lien Act, ch. 82, Hurd's Rev. St. of Illinois for 1911 (J. & A. ¶ 7166). They contended that a recovery by a subcontractor must be against both the owner and the original contractor and the judgment must be a joint one, and furthermore, there must be a proper ten-day notice served upon the owners; that there were no findings by the court, nor recitals in the judgment, of the facts required by our statute, viz., that the owner was indebted to the contractor, and the date from which said lien attached; that in the absence of such findings or recitals, (1) the court erred in entering said judgment, and (2) said judgment is void.

Plaintiff contended that under its statement of claim he might have recovered against all the defendants under the Mechanic's Lien Act, *supra,* if the evidence showed that Frederick Erb, as a contractor, ordered the labor and materials sued for, or against the owners alone, if the evidence showed that the labor and materials in question were ordered by the said Erb as the agent or representative of the owners, Roland and Hennessy.

Ramming v. Roland et al., 198 Ill. App. 91.

Benjamin E. Cohan, for plaintiffs in error.

Hollett, Sauter & Henkel, for defendant in error.

Mr. Presiding Justice Pam delivered the opinion of the court.

## Abstract of the Decision.

1. Mechanics' liens, § 97*—*when statement of claim sufficient to warrant recovery against owners and contractor or owners alone.* In a proceeding under the Mechanics' Liens Act (J. & A. ¶ 7139 et seq.) against the owners and contractor, a statement of claim that plaintiff's claim "is for labor and material furnished for carpenter repairs * * * under orders from defendant, * * * the contractor, agent and superintendent of the repairs to said building for the owners thereof, viz.: the defendants * * *; that the plaintiff caused to be served the notices prescribed by the statute in relation to mechanics' liens upon said defendants * * *," is sufficient to support a recovery against all the defendants, if the evidence showed that the contractor defendant ordered, as a contractor, the labor and materials sued for, or against the owners alone, if the evidence showed that the labor and materials were ordered by the contractor defendant as agent or representative of the owners.

2. Mechanics' liens,—*when issue of fact raised by pleadings.* In a proceeding under the Mechanics' Liens Act (J. & A. ¶ 7139 et seq.) against a defendant alleged to have been the contractor and defendants alleged to be owners, the former, by denying that he entered into a contract with plaintiff and that he had a contract with the owners to furnish such labor and materials, raises an issue of fact, the determination of which bears upon the question whether plaintiff has the right to recover against all of the defendants or against the owner defendants alone.

3. Appeal and error, § 1300*—*when submission of evidence on issue presumed.* In a proceeding under the Mechanics' Liens Act (J. & A. ¶ 7139 et seq.) against a defendant alleged to have been the contractor and against defendants alleged to have been the owners, where the former raises an issue of fact by denying that he entered into a contract with plaintiff for the labor and materials and that he had a contract with the owners of the premises to furnish said labor and materials, it will be presumed that evidence was submitted to determine such issue.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. APPEAL AND ERROR, § 1303*—*when evidence not preserved presumed sufficient.* On a writ of error to the Municipal Court of Chicago, where the evidence upon which the trial court based its judgment is not preserved by bill of exceptions, statement of facts or stenographic report, it will be presumed that evidence offered was sufficient to sustain the court's findings on the issues and its judgment thereon.

5. APPEAL AND ERROR, § 1301*—*when correct application of law to facts presumed.* On a writ of error it is presumed, in the absence of anything in the record appearing affirmatively to the contrary, that the court correctly applied the law to the facts offered in evidence.