Francis J. Coyle, Appellee, v. Velie Motors Corporation, Appellant.

Gen. No. 9,398.

136

ANDREW KOPP, of Moline, for appellant.

BELL, FARRAR & SCOTT, of Rock Island, for appellee.

MR. JUSTICE DOVE delivered the opinion of the court.

On April 24, 1934, Annie F. Velie, as executrix of the estate of W. L. Velie, deceased, recovered two judgments by confession in the circuit court of Rock Island county against the Velie Motors Corporation, one for $140,799.93, which includes an attorney fee of $6,700, and the other for $39,091.80, which included an attorney fee of $1,861. On the same day executions were issued and duly returned unsatisfied. Francis J. Coyle, appellee herein, appeared for and represented the plaintiff as her attorney in these proceedings. On March 30, 1937, the said Annie F. Velie, as executrix, executed two satisfaction pieces, which were filed for record on April 1, 1937, which released, satisfied and discharged these judgments of record.

On January 28, 1938, her said attorney, Francis J. Coyle, filed in the circuit court of Rock Island county his petition for an attorney's lien, alleging that he was, on April 24, 1934, and for several years immediately prior thereto and for several years subsequent thereto engaged in the practice of law in the city of Rock Island, that a short time prior to April 24, 1934 he was retained and employed by Annie F. Velie as executrix of the estate of W. L. Velie, deceased, for the purpose of commencing and prosecuting a suit or suits against the Velie Motors Corporation to recover the amounts remaining due on two notes executed by the corporation to W. L. Velie, deceased, and that pursuant to said employment he instituted said two suits and recovered said judgments on April 24, 1934 as hereinbefore set forth. The petition then alleges among other things

that on March 26, 1937 said judgments were a lien on all the real estate then owned by the Velie Motors Corporation situated in the county of Rock Island and in the State of Illinois and that he served a written notice of his claim for lien upon said corporation by registered mail, which notice was actually received and delivered to the Velie Motors Corporation at its office in Moline, Illinois on March 26, 1937. It was then alleged that the contract of employment between petitioner and his client, the said Annie F. Velie, was not in writing, that it contained no express provision relative to the amount or extent of the fees to be paid petitioner for his services but averred that his services in procuring said judgments were reasonably worth $8,561 and that that sum is the usual, reasonable and customary attorney fee for services of such character as petitioner rendered. Upon information and belief petitioner stated that his client, as executrix, received the full amount of said judgments, including principal, interest and attorney fees, that petitioner has never been paid anything for his services and that there justly remains due and owing to him for which he claimed an attorney's lien said sum of $8,561, together with interest from the date of said judgments. Attached to and made a part of the petition was a copy of the notice of attorney's lien referred to in the petition directed to the Velie Motors Corporation, Moline, Illinois. The defendant Velie Motors Corporation appeared and filed its motion to dismiss and also its motion to strike certain parts of the petition. A hearing was had and these motions were denied. The defendant elected to abide by its motions and refused to answer and it was thereafter defaulted and an order entered to the effect that the releases executed by Annie F. Velie as executrix were null and void as to petitioner and a judgment was rendered in his favor and against the Velie Motors Corporation for $10,423, being the amount of the attorney fees included in the original judgment, together with interest thereon from

the day of its rendition. The order also directed that the original judgment should stand as security for the payment of the $10,423 judgment which the court that day rendered against the defendant. It is from this judgment and order that defendant appeals.

The statute upon which this proceeding is based provides: ''That attorneys at law shall have a lien upon all claims, demands and causes of action . . . which may be placed in their hands by their clients for suit or collection, or upon which suit or action has been instituted, for the amount of any fee which may have been agreed upon by and between such attorneys and their clients, or, in the absence of such agreement, for a reasonable fee, for the services of such attorneys rendered or to be rendered for their clients on account of such suits, claims, demands or causes of action. Provided, however, such attorneys shall serve notice in writing, which service may be made by registered mail, upon the party against whom their clients may have such suits, claims, or causes of action, claiming such lien and stating therein the interest they have in such suits, claims, demands or causes of action, and such lien shall attach to any verdict, judgment or decree entered and to any money or property which may be recovered, on account of such suits, claims, demands or causes of action, from and after the time of service of the aforesaid notice. On petition filed by such attorneys or their clients any court of competent jurisdiction shall, on not less than five days' notice to the adverse party, adjudicate the rights of the parties and enforce such lien in term time or vacation.'' Ill. Rev. Stat. 1937, ch. 13, sec. 14 [Jones Ill. Stats. Ann. 9.13].

It is the contention of counsel for appellant that this Lien Act does not give appellee a lien on this judgment or any part thereof and counsel argue that these promissory notes upon which judgments were rendered were at that time assets of the estate of W. L. Velie, deceased, that when they became merged in these judgments, the judgments became assets of said estate, that

appellee's contract of employment was with the executrix of the estate of said W. L. Velie and that his services were rendered to said executrix, that she had no authority to charge the assets of the estate she represented with the payment of attorney fees and that under the authorities she became liable personally to appellee for his fees and that appellee never acquired any interest in said judgments or any part thereof upon which he could assert a lien under the statute. Counsel for appellee concede that the contract between appellee and Mrs. Velie was her personal obligation and that the law is that she became personally liable to appellee for the payment of his attorney fees and that their contract could not be directly enforced by appellee against the estate which his client represented. Counsel insist, however, that each of these judgments included four items; first, the balance of the principal of the note sued on; second, the accrued interest; third, attorney fees and fourth, costs. Counsel then argue that these judgments are divisible and that the portions of these judgments representing principal and interest are truly assets of the W. L. Velie estate and such as the personal representative was obliged to account for but that the portions of said judgments representing attorney fees are not of that character but such sums were allowed the judgment creditor for the purpose of indemnifying her or reimbursing her for the attorney fees which she incurred by reason of her contract of employment with appellee and therefore appellee has an equitable or beneficial interest in these judgments to the extent of the amount of attorney fees included therein.

An attorney employed by the personal representative of a decedent has no personal claim against the estate of such decedent for the services rendered the estate but must look for compensation to the personal representative who employed him in his individual and not in his representative capacity for payment of his claim. 11 R. C. L. 233, 234, 235, sections 260–262. In

an annotation in 50 A. L. R. 657, it is stated that the foregoing rule precludes an attorney from asserting a lien against an estate for services rendered at the instance of the personal representative. On page 661 the author of said annotation in 50 A. L. R. states that statutes have been enacted in a number of States giving attorneys a lien upon the claims of their clients for the payment of their fees, that these statutes extend the right of a lien considerably further than the right given by common law but do not by their terms or by necessary implication, give a lien upon the estate of a decedent. In *Schottler v. McArdle,* 174 Ill. App. 125, it was held that our Attorney's Lien Act did not give an attorney any lien upon moneys coming into his hands by reason of a suit instituted by him on behalf of an administratrix, stating that the administratrix was entitled to credit for attorney fees paid by her only so far as the probate court finds that such fees are reasonable. In holding that our statute does not give an attorney a lien on funds held by an administrator, since the administrator has no authority to charge such funds with payment of attorney fees, the same court, in commenting upon said act, in *Mercer v. Chicago City Ry. Co.,* 174 Ill. App. 234, said: "These provisions . . . clearly imply that the 'client' who employs the attorney must have such authority over the cause of action and the money recovered thereon as entitles him to bind the owners of the fund by contract for the payment of attorney fees. The law is well settled that an administrator has no such authority over funds or property in his hands as administrator as will enable him to charge such funds or property or the owners thereof, by his contract. Such contracts if made merely create a personal liability against himself." As said in *In re Nocton,* 162 N. Y. Supp. 215, "It does not seem to be reasonable or consistent with the proper application of legal principles to hold that an attorney has a cause of action against an executor

or administrator individually for services performed in the administration of an estate and at the same time has a lien upon property which the executor or administrator holds as trustee for the legatees or next of kin. I am therefore inclined to think that an attorney who performs services for an executor or administrator of an estate has not a lien upon the general assets of the estate for the value of his services.''

Counsel for appellee have cited no authority in support of their contention that the judgment obtained by the representative of the W. L. Velie estate could be divided and that appellee was entitled to assert his lien against the portion thereof representing attorney fees. The Attorney's Lien Act is purely statutory and it must be strictly construed. *Mayer v. Yellow Cab Co.,* 247 Ill. App. 42. A money judgment at law is for a definite, certain sum and in the instant case it included principal, interest and attorney fees all merged in a lump sum and when so merged it is not divisible but must be treated as an entirety and stands or falls as a whole. 33 C. J. 1051, sec. 5. Nor are we able to agree with appellee's contention that he has an equitable or beneficial interest in these judgments to the extent of the attorney fees included therein. These judgments were rendered in favor of the plaintiff. The provisions in these notes as to attorney fees were for the benefit of the plaintiff in those suits and not the attorney and were inserted for the purpose of indemnifying the client of appellee for her reasonable attorney fees. *Montgomery v. Dime Savings & Trust Co.,* 290 Ill. 407; *Huber v. Brown,* 243 Ill. 274.

In view of our conclusion that the Attorney's Lien Act of this State does not give appellee a lien on the judgment obtained against appellant there is no need to consider the other errors relied upon for reversal. The order and judgment of the circuit court of Rock Island county will be reversed.

*Order and judgment reversed.*