In re Estate of Hiram T. Gilbert, Deceased.
Georgiana G. Hess, Appellant, v. William A. Burmeister, Administrator De Bonis Non with Will Annexed of Estate of John J. Sonsteby, Deceased, Former Executor of Estate of Hiram T. Gilbert, Deceased, et al., Appellees.

Gen. No. 42,434.

Opinion filed May 5, 1943. Rehearing denied May 19, 1943.

GERALD G. BARRY, of Chicago, for appellant.

CLARENCE F. MARTIN, of Chicago, for certain appellee.

JOSEPH J. BERZIN, *pro se.*

Mr. Presiding Justice Burke delivered the opinion of the court.

Hiram T. Gilbert, a lawyer, died at Chicago on November 29, 1939, leaving as his heirs and next of kin two daughters, Helen S. Gilbert and Georgiana G. Hess. The will was admitted to probate on December 8, 1939 and Honorable John J. Sonsteby, then chief justice of the municipal court of Chicago, designated as executor, duly qualified as such. Judge Sonsteby died on April 15, 1941 and Norman Crawford was appointed administrator *de bonis non* with the will annexed of the estate of Hiram T. Gilbert, deceased. Alice R. Sonsteby, the widow, was appointed executrix of the estate of John J. Sonsteby, deceased. On June 25, 1941, Mrs. Sonsteby, as executrix of the estate of her deceased husband, filed in the Gilbert estate a final account and report of the acts and doings of Judge Sonsteby as executor of the estate of Hiram T. Gilbert, deceased. The account showed total receipts of $3,474.03. Under the heading of "Disbursements" appeared the sum of $100 claimed by Mrs. Sonsteby for the services rendered by Judge Sonsteby, as executor, and $500 claimed by Joseph Berzin as attorney's fees for services rendered for Judge Sonsteby in his capacity as executor. On June 23, 1941 the probate court approved the account filed by Mrs. Sonsteby in the estate of Hiram T. Gilbert, deceased, after reducing the claim by Mr. Berzin to $400. The balance of $2,382.83 was paid to Norman Crawford, as administrator *de bonis non* with the will annexed of the estate of Hiram T. Gilbert, deceased. On July 2, 1941 the probate court granted leave to Georgiana G. Hess, a daughter of Hiram T. Gilbert, to file her petition seeking the vacation of the order approving the final account and report filed by Mrs. Sonsteby. Mrs. Hess objected to the allowance of $100 as fees to the estate of John J. Sonsteby, deceased, and also to the allowance of $400 for the services rendered by Joseph Berzin. The probate court

found that these fees were reasonable and overruled the objections of Mrs. Hess. Mrs. Hess then perfected an appeal to the circuit court. A trial *de novo* in that court resulted in a finding that the fees fixed by the probate court were reasonable. In the meantime, William A. Burmeister was appointed administrator *de bonis non* with the will annexed of the estate of John J. Sonsteby, deceased. The judgment of the circuit court ordered that the $400 allowed as attorney's fees be paid to Joseph Berzin and the $100 allowed for the services of John J. Sonsteby, as executor, be paid to the administrator *de bonis non* with the will annexed of the estate of John J. Sonsteby. Mrs. Hess appeals from the judgment of the circuit court and asks that the part of the order directing the payment of $400 as attorney's fees be reversed. She states that the sum of $100 allowed to the present legal representative of the estate of John J. Sonsteby, deceased, is sufficient compensation for the services of John J. Sonsteby, as executor, and for the services of his attorney.

Appellant did not bring the transcript of evidence to this court. The record contains an itemized statement filed in the probate court by Attorney Joseph Berzin, showing the services rendered by him in the estate of Hiram T. Gilbert, deceased. The first item is dated December 2, 1939 and the last item April 9, 1941. Each service rendered is briefly outlined and the professional time for which a charge is being made is stated. There was no contention that the services claimed to have been rendered by Mr. Berzin were not rendered, or that the amount of time for which he claimed compensation, was not stated correctly. The time necessarily occupied by Mr. Berzin, and for which he claims compensation, totals 138½ hours, for which an allowance of $400 was made. This is at a rate of less than $3 an hour.

Appellant contends that the items set out in the statement of services rendered by Mr. Berzin, which he performed for the executor, were entirely beyond

the scope of the powers and duties of the executor and his attorney and not in the interest of the estate; that neither the attorney nor the estate of the executor is entitled to compensation therefor from the Gilbert estate; and that the attorney's claim does not "state a cause of action against the estate of Hiram T. Gilbert." Appellant also states that the judgment of the circuit court directing that the $400 allowed as attorney's fees be paid to Joseph Berzin, is not a judgment against the estate of Hiram T. Gilbert, deceased, or a judgment which permits the present administrator *de bonis non* of the Hiram T. Gilbert estate to pay the sum of $400 to Mr. Berzin from the funds of the Gilbert estate. She states that prior to January 1, 1940, when the new Probate Act went into effect, there was no provision whereby an attorney for an executor could directly establish a claim for his services. Section 336 of the new Probate Act, which became effective January 1, 1940 (sec. 490, ch. 3, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 110.587]) provides that an executor, administrator, administrator to collect, guardian or conservator shall be allowed reasonable compensation for his services. Section 337 provides that an attorney for an executor, administrator, administrator to collect, guardian or conservator shall be allowed reasonable compensation for his services. Section 133 of the superseded act (sec. 135, ch. 3, Ill. Rev. Stat. 1939) provided that "executors and administrators shall be allowed as compensation for their services a sum not exceeding six per centum on the amount of personal estate . . . with such additional allowance for costs and charges in collecting and defending the claims of the estate and disposing of the same as shall be reasonable." Under the old act executors and administrators could not be allowed a sum exceeding 6 per cent on the amount of the personal estate, while under the new act such officers are allowed "reasonable compensation." Under the old act

an executor or administrator, in addition to compenpensation for his services, was allowed to pay and take credit for all reasonable costs and charges in collecting and defending the claims of the estate and disposing of the same. It will be observed that the provisions of the old and the new act contemplate that the attorney's fees shall be reasonable. Under the new act the attorney has a right to present a claim in his own name. So far as the administration of the estate is concerned, the change makes little difference. In both acts the personal representative is permitted to take credit for the amount paid to his attorney, provided such amount is reasonable. The appellant calls our attention to the language of the old act that the additional allowances for attorney's fees contemplates that the services rendered are in "collecting and defending the claims of the estate and disposing of the same." She maintains that the services performed by Mr. Berzin cannot be compensated from the estate of Hiram T. Gilbert, deceased. It has been held that the right of the probate court to allow an executor or administrator credit in his account for reasonable attorney's fees for services in enabling such officer to properly and efficiently perform the duties of his office is undoubted, but the amount so paid for attorney's fees is to be determined by the court in the exercise of judicial discretion. (*Sprinkle v. Forrester,* 162 Ill. App. 45; *Barker v. Kunkel,* 10 Ill. App. 407, 409.)

Appellant states that there was no substantial reason why it was necessary for Judge SONSTEBY, as executor, to have an attorney. All presumptions are in favor of the action of the trial court and the burden is upon appellant to point out in the record wherein the court erred. The transcript of the testimony is not before us. The itemized statement presented by Mr. Berzin shows that he was occupied for 138½ hours in the performance of services for the executor. The

court in allowing him $400 for these services, allowed him .at the rate of less than $3 an hour. In the absence of the transcript of the testimony we assume that such testimony supports the finding of the court. While the judgment complained of directs that the attorney's fees of Joseph J. Berzin be paid to him direct, the effect so far as the appellant is concerned is the same as though such order directed that the administrator *de bonis non* with the will annexed, take credit in his account for the sum of $400. The result would be that Mr. Berzin would receive $400. Perceiving no error, the judgment of the circuit court of Cook county is affirmed.

*Judgment affirmed.*

HEBEL and KILEY, JJ., concur.