In Matter of the Estate of Jay Yoon, Deceased.
Jay Hom King Jee, Administrator De Bonis Non,
Appellant, v. Jay Y. Sun, Appellee.

Gen. No. 47,524.

First District, First Division.
February 9, 1959.
Released for publication March 3, 1959.

William S. Kleinman, of Chicago, for appellant.

Wachowski & Gordon, of Chicago (Casimir R. Wachowski and Thomas Gordon, Jr., of counsel) for appellee.

PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

An appeal was taken to the Superior Court of Cook County from an order entered in the Probate Court in the estate of Jay Yoon, deceased, approving the final account of Jay Y. Sun as administrator. The appeal here is taken from that portion of the judgment of the Superior Court approving the allowance of $2,500 in attorneys' fees to Wachowski and Gordon.

In the Probate Court of Cook County, while the estate of Jay Yoon was pending, a petition for a citation

against Jay Y. Sun, the then administrator of the estate, was filed by Jay Hom King Jee. The petition sought a citation to remove Jay Y. Sun as administrator of the estate on the ground that he had obtained his appointment by false pretenses and in a fraudulent manner, and to compel him to account for assets of the estate which he had failed to inventory. Jay Y. Sun filed an answer denying the material allegations of the petition. At the conclusion of the hearing before the Probate Court on July 27, 1956 an order was entered sustaining the charges and allegations in the petition and finding that the letters of administration issued to Jay Y. Sun were "secured as the result of the false pretenses, fraud and misrepresentations practiced by said Jay Y. Sun upon the said Jay Hom King Jee," and finding further that Jay Y. Sun had hypothecated United States government bonds of the value of $100,000, which bonds had been purchased by the decedent with his own funds and that he, Sun, had unlawfully, fraudulently, wilfully and intentionally converted those bonds to his own use and that he should now account therefor to the estate. The court removed Sun as administrator, appointed Jay Hom King Jee as successor administrator and directed Sun to turn over the government bonds or the proceeds of the same to the new administrator within 60 days and directed Sun to file his account within 30 days. No appeal was taken from that order.

Sun filed an amended final account which showed assets of the estate to be substantially the same amount as was shown in his original inventory. The amended final account made no reference to the bonds or proceeds obtained from their sale. In the final account Sun set up various disbursements alleged to have been made by him, including court costs, payment for the funeral of the deceased, and attorneys' fees to Wachowski and Gordon of $3,500. Objections were filed to the final account and particularly to the attorneys'

fees therein listed on the grounds that the attorneys had represented Sun, individually, against the interests of the estate, and that the fees were exorbitant; and it was asserted that if the fees could be properly found to be due and owing to Sun from the estate then the same should be credited as a setoff against the liability of Sun to the estate on the $100,000 worth of government bonds.

A hearing was held upon the amended final account and the objections filed thereto, and on September 19, 1956 the Probate Court entered an order in which, among other things, it allowed attorneys' fees to Wachowski and Gordon in the sum of $2,500 and ordered that the surety on Sun's bond be discharged. Jay Hom King Jee, as administrator, took an appeal from that order to the Superior Court, and, after hearing, that court on November 22, 1957, entered an order in part as follows:

"This matter coming on to be heard upon an appeal from the Probate Court of Cook County with reference to the amended final account of Jay Y. Sun, administrator, filed pursuant to order of the Probate Court entered July 27, 1956, and the objections to said amended final account of Jay Y. Sun, former administrator, filed by Jay Hom King Jee, administrator de bonis non, and upon testimony heard in open court and argument of counsel, and the court being fully advised in the premises,

"The court FINDS:

"1.  That at the hearing of this cause the parties hereto by and through their respective attorneys have agreed that:

"(a)  Item No. 14 of said amended final account be disallowed in the sum of $330.81 and allowed in the sum of $657.84.

"(b)  Item No. 18 of said account be disallowed in the sum of $18.10 and allowed in the sum of $15.00.

346

"2. That the sole question to be determined by this court is the allowance of attorneys' fees to Wachowski & Gordon, which appears as item No. 19 in said amended final account of Jay Y. Sun.

"With reference to said item of attorneys' fees, this court has heard evidence and arguments of the parties, and finds that said attorneys, Wachowski & Gordon, have performed services which were beneficial to the estate of Jay Yoon, and that the reasonable value of such services is the sum of Twenty Five Hundred ($2,500.00) Dollars.

"It is Therefore Ordered That:

". . .

"(c) Item No. 19 of said account is disallowed in the sum of $1,000.00 and allowed in the sum of $2,500.00."

The order approves the amended final account of Sun and finds that in the Probate Court the balance of $14,044.85 had been turned over to Jay Hom King Jee, administrator de bonis non, and ordered that the surety on the bond of Sun, former administrator, be discharged. On December 19, 1957 a motion for a new trial or to vacate and set aside the judgment of the Superior Court was filed, and that court on January 31, 1958 entered an order denying said motion. Jay Hom King Jee filed a notice of appeal from that portion of the judgment of the Superior Court which approved the final account of Sun, former administrator of the estate, in respect to the allowance of fees to attorneys Wachowski and Gordon in the sum of $2,-500, and from the court's refusal to vacate and set aside said judgment.

The appellant's theory is that the right of Sun's attorneys to claim any fees out of the estate ended when the Probate Court found that Sun had obtained his appointment as administrator by false pretenses, fraud and misrepresentations practiced by him on the

347

■■■■■■

appellant; that the fraud and false pretenses had vitiated Sun's appointment *ab initio;* that the fees of the attorneys for the administrator are chargeable directly to the administrator but are usually paid out of the estate; that since the Probate Court had found that Sun was in fact not legally appointed administrator of the estate he cannot charge any of his attorneys' fees to the estate; that Sun could not charge any attorneys' fees to the estate which were incurred in resisting his removal as administrator; that the sum of $2,500, even if the court had been right in assessing it against the estate, should be offset against the $100,000 in government bonds which the Probate Court had found that Sun had converted to his own use or against the proceeds thereof; and that if the appointment of Sun and his attorneys had been valid their right to attorney's fees could only have been based on the extent of the beneficial services they rendered to the estate either in creating assets or in the preservation of its existing assets, neither of which resulted from the services of the attorneys.

■■ Section 333 of the Probate Act (Ill. Rev. Stat. 1957, chap. 3, par. 487) provides that upon an appeal from the Probate Court to the Circuit or Superior Court the cause shall be tried *de novo.* "On an appeal from the Probate Court to the Circuit Court the Circuit Court is under a duty to try the case de novo on the merits; it is without jurisdiction, either to affirm or reverse the judgment of the Probate Court; the court should try the cause the same as though it had never been tried before. . . . As in the trial of the cause in the Probate Court, on the trial in the Circuit Court the claimant must prove his claim by sufficient evidence. . . ." 19 I. L. P. Executors and Administrators, sec. 194, citing Schwartfager v. Schwartfager, 330 Ill. App. 111, and Cummings v. Floro, 310 Ill. App. 607.

In the record before us the appellant has not included a transcript of the proceedings of the hearing before the Superior Court. The Superior Court in its judgment recited, with reference to the item of the attorneys' fees, that it had heard evidence and arguments of the parties, and it found that attorneys Wachowski and Gordon have performed services which were beneficial to the estate of Jay Yoon. In In re Estate of Murray v. Appeal of Murray, 310 Ill. App. 121, a similar question was involved. The appeal in that case was taken from an order of the Probate Court disallowing a certain claim, and the Circuit Court, after reciting that the court had heard testimony and counsel, entered judgment that the said claim be dismissed. No report of proceedings at the hearing in the Circuit Court appeared in the record. In that case the court says:

"On appeal from the probate court, the circuit court does not sit as a court of errors, but tries the case *de novo*. (Barnes v. Earle, 275 Ill. 381, 385.) The presumptions are in favor of the action of the trial court and the burden is upon appellant to point out in the record any error which would warrant this court in reversing or modifying the order of the trial court. . . . The order appealed from recites that the court heard testimony and was fully advised in the premises. As the order of the circuit court is presumed to be correct, and as appellant has not brought before us a transcript of the testimony on which the trial judge based his order, she has not sustained the burden imposed on her of pointing out errors committed by the court. In such a situation we presume that the evidence supports the order."

In In re Estate of Gilbert, 319 Ill. App. 15, the court reaches the same conclusion. See also DeRose v. Adams, 5 Ill.App.2d 373, and Ramming v. Roland, 198 Ill. App. 91.

In the record before us the motion for a new trial filed in the Superior Court by Jay Hom King Jee is incorporated. In that motion it is stated that certain evidence was heard in the hearing in the Superior Court and attached thereto are certain exhibits which it is stated were received as evidence in the hearing. However, that motion cannot take the place of a transcript of the testimony heard in the court. In re Estate of Murray v. Appeal of Murray, supra.

Jay Hom King Jee contends that the money allowed as attorneys' fees to Wachowski and Gordon was paid them for their activities in defending the right of Jay Y. Sun to remain as administrator. We agree with the appellant that if that were true no attorneys' fees should have been allowed, but there is nothing in the record to substantiate such a contention. In fact, the finding of the Superior Court specifically negates it.

Counsel also argues that no fee should be allowed to the attorneys for the administrator since the administrator's appointment had been procured by his fraud, and this irrespective of whether the services of the attorneys were for the benefit of the estate or not. Section 287 of the Probate Act (Ill. Rev. Stat. 1957, chap. 3, par. 441) provides: "When the letters of an executor, administrator, administrator to collect, guardian or conservator are revoked, all acts done by him according to law prior to the revocation of his letters are valid." In Smith v. Smith, 168 Ill. 488, decided in 1897, the court held that where letters testamentary were granted and the will was subsequently set aside by judicial proceedings the grant of the letters testamentary was not void but voidable, and the court says that the probate of the will in the County Court is prima facie valid until it is set aside, citing Purdy v. Hall, 134 Ill. 298; Buchanan v. McLennan, 105 Ill. 56; Graybeal v. Gardner, 146 Ill. 337. In Bennett v. Chicago & E. I. R. Co., 327 Ill. App.

76, a suit brought by an attorney to enforce an attorney's lien against the defendant railroad company, the attorney had been retained by the administrator to prosecute or settle a claim against the railroad company on account of an accident resulting in the death of the decedents whose estates were being probated. The attorney filed an attorney's lien upon the railroad company. Subsequently the administrator who had retained him was removed and a successor administrator appointed. The successor administrator secured approval of the court to settle such claim. The plaintiff-attorney gave no release of his claim, nor was he informed of the settlement, and in the suit he prosecuted his claim on his attorney's lien against the railroad company. The court held that the plaintiff's contract with the first administrator was a valid undertaking and that settlement having been made without the plaintiff's knowledge the railroad company acted at its peril, citing section 287 (par. 441, chap. 3) of the Probate Act in support of its holding. We are aware that in other jurisdictions it has been held that any act done by the administrator when his appointment is vitiated by fraud is void, but we hold that section 287 of the Probate Act was passed for the purpose of avoiding the confusion and chaos which might result if such a rule would be carried to its logical conclusion. The acts of an administrator performed prior to the revocation of his letters are by statute made valid. If he retains an attorney during that period and the attorney performs services which are beneficial to the estate, a proper fee can be allowed by the court against the estate.

In the instant case the court properly allowed attorneys' fees. The court found that those fees were for payment for services beneficial to the estate, which finding, as we have pointed out, we must accept in the absence of a transcript of the evidence. Not having before us a report of the proceedings at the trial,

■■■■■■■

we cannot consider either the motion for new trial or the exhibits attached thereto in lieu thereof.

"Prior to the Probate Act an attorney employed by the personal representative of a decedent had no personal claim against the estate for services rendered the estate, but had to look for compensation to the personal representative in his individual capacity; but under the Probate Act providing that an attorney for an executor or administrator shall be allowed reasonable compensation for his services, the attorney has a right to present in his own name a claim for services rendered." 19 I. L. P. Executors and Administrators, sec. 119, citing section 337 of the Probate Act (par. 491, chap. 3); In re Gilbert's Estate, 319 Ill. App. 15. Jay Hom King Jee cites the case of Edwards v. Lane, 331 Ill. 442. That case, however, tends to support the contention that the attorneys' fees were properly allowed. In that case the court says: "When litigation is carried on for the benefit of the administrator or executor personally, and not for the benefit of the estate, the costs should be paid by the administrator personally. Felsenthal v. Kline, 214 Ill. 121." The case of Coyle v. Velie Motors Corp., 305 Ill. App. 135, which held that an attorney employed by an administrator has no personal claim against the estate, is not in accord with section 337 of the Probate Act or with Bennett v. Chicago & E. I. R. Co., supra.

■■ Jay Hom King Jee, the administrator, also argues, since the Probate Court had found that bonds or the proceeds of the bonds were converted by Jay Y. Sun, the then administrator, that if it should be held that the Superior Court properly allowed attorneys' fees in the amount of $2,500 to Wachowski and Gordon, then such sum should be set off against the liability of Jay Y. Sun for the bonds or proceeds of the bonds converted by him. If we assume, as we have indicated, that the services rendered by the attorneys

were for the benefit of the estate, they are entitled to receive their fees from the assets of the estate, and there is nothing before us which would indicate that there was any improper conduct on the part of the said attorneys with reference to the services rendered for which these fees were allowed. Nor is there anything in the record before us which we can consider indicating what had become of either the bonds or the proceeds thereof at the time of the hearing in the Superior Court.

The judgment of the Superior Court is affirmed.

Judgment affirmed.

DEMPSEY and SCHWARTZ, JJ., concur.