## Illinois Brewing & Malting Company, Defendant in Error, v. John Ilmberger, Plaintiff in Error.

### Gen. No. 15,946.

1. MUNICIPAL COURT—*what final and appealable order.* An absolute order for the payment of money made by the Municipal Court in supplemental proceedings, is final and appealable.

2. MUNICIPAL COURT—*when "statement of facts" stricken.* If the "statement of facts" is not signed by the judge and filed in the cause within thirty days after the entry of the judgment appealed from, it will be stricken from the record. The recital of an extension of time for the signing and filing of the same contained in the certificate to the statement is not an equivalent of an order of extension contained in the record.

Petition for citation. Error to the Municipal Court of Chicago; the Hon. ROBERT H. SCOTT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Dismissed. Opinion filed April 8, 1910

**Statement by the Court.** Defendant in error, plaintiff below, now moves the court to strike from the record the "Statement of Facts and Questions of Law" and that these proceedings in error be dismissed.

The record in this cause is a *praecipe* record. From that record it appears that this proceeding is one under section 64 of the Municipal Court Act supplemental to a judgment recovered. The proceeding was instituted by a petition filed by the plaintiff on August 11, 1909. That petition shows that plaintiff recovered a judgment against the respondent, John Ilmberger, on June 2, 1909, for $170.66, and, after showing necessary jurisdictional facts, the petition prays for a citation against Ilmberger requiring him to attend and be examined under oath concerning his property. A citation was issued and Ilmberger appeared. After he had been examined the court, on September 3, 1909, entered an order which, after finding that Ilmberger had property, money and assets which he should turn over in payment and satisfaction of the execution that had

been issued, ordered and directed Ilmberger to "pay to the bailiff of this court on or before September 16, 1909, the full amount of the judgment and costs" and that the further hearing upon the citation be continued until September 17, 1909. Plaintiff in error procured the issuance, on October 2, 1909, of this writ of error to reverse that judgment.

On October 30, 1909, the trial judge signed a "Statement of Facts and of Questions of Law" which was filed in the clerk's office of the Municipal Court on November 3, 1909. The certificate of the judge to that Statement states that the Statement was presented by the defendant "pursuant to the order entered in the above cause on October 2, 1909, extending the time for the Statement of Facts and Questions of Law herein for thirty days from October 2, 1909." No order such as that referred to as being entered on October 2, 1909, appears in the record.

JOHN C. WILSON, for plaintiff in error.

HOLLETT, SAUTER & HENKEL, for defendant in error.

MR. PRESIDING JUSTICE CHYTRAUS delivered the opinion of the court.

Various grounds are advanced for granting the motions made. First: It is contended the order entered is not a final order. The Municipal Court Act provides for the review of the final orders and judgments of that court. As the order in question is an absolute order for the payment of money it is clearly a final order and plaintiff in error is entitled to prosecute a writ of error to procure its reversal.

Second: It is contended the correct statement of facts appearing upon the trial and of all questions of law involved which is filed herein to comply with clause sixth of section 23 of the Municipal Court Act is insufficient in various respects and was signed by the judge and filed too late. As it was clearly signed and filed

too late we find it unnecessary to consider the question of its sufficiency. The clause referred to in the Municipal Court Act, *inter alia,* provides:

"Within thirty days after the entry of any final order or judgment, or within such further time as may, upon application therefor within said thirty days, be allowed by the court, it shall be the duty of the judge * * * to sign and place on file in the case * * * a correct statement * * * of the facts appearing upon the trial thereof and of all questions of law involved in such case and the decisions of the court upon such questions of law * * *. Such statement * * * together with a certified copy of the judgment * * * shall be certified to the Supreme Court or Appellate Court, as the case may be, as the record to be considered upon the review of such order or judgment by writ of error."

The order was entered September 3, 1909. The statement was signed by the judge on October 30, 1909, and was filed on November 3, 1909. So far as the record shows no allowance of time, beyond the thirty days fixed by the statute, was made by the court. The recital of an order, real or supposed, such as appears in the certificate to the statement, is not the equivalent of an order in the record. Furthermore were there such an order in the record as the one referred to in the certificate, plaintiff in error would not be helped thereby. The filing of the statement would nevertheless have been one day too late.

The Statement of Facts must be stricken from the record. The only error assigned is that the court erred in entering the order of September 3, 1909, requiring plaintiff in error to pay the full amount of the judgment against him. Whether that error was well assigned cannot be ascertained upon the record remaining. The motion to dismiss these proceedings in error must therefore be allowed.

*Motion to dismiss allowed.*