## NORTH CAROLINA NATIONAL BANK, Plaintiff,

v.

## Jay W. MARDEN, Defendant.

### No. ST–C–82–94.

United States District Court, W.D. North Carolina, Statesville Division.

Feb. 14, 1983.

Joe N. Cagle, Hickory, N.C., for plaintiff.

Don G. Nicholson, Chapel Hill, N.C., for defendant.

## MEMORANDUM AND JUDGMENT

POTTER, District Judge.

THIS MATTER coming on to be heard and being heard before the undersigned

United States District Court Judge for the Western District of North Carolina on the 3d day of January, 1983, at the United States Courthouse in Statesville, North Carolina, on Plaintiff's motion for summary judgment; and,

The Court having heard the oral arguments of counsel and reviewed the pleadings, affidavits, and Memoranda of Law submitted, and being of the opinion that there remains no genuine issue of material fact, enters the following Memorandum and Order:

*Summary Judgment*

█ The Plaintiff has brought this diversity action in federal court to enforce, pursuant to 28 U.S.C. § 1738, the March 3, 1981 North Carolina state court's judgment that it obtained against the Defendant on the Defendant's promissory note.

The Court finds that the Plaintiff has satisfied the proof requirements of Section 1738, that the judgment is valid, within the meaning of the Restatement, Second, Conflict of Laws, § 92(a)–(d) (1971), and thus, is entitled to full faith and credit in the United States District Court for the Western District of North Carolina. This Court finds that the North Carolina state court's award of interest at "two-and-a-half (2½) percent per annum above the Plaintiff's prime interest rate" does not render the amount awarded "uncertain," so as not to be enforceable. Restatement, Second, Conflicts of Law § 108 (1971).

*Interest*

█ The diversity action before this Court is an original federal cause of action, and the interest to be applied prospectively from the filing of this Judgment is governed by 28 U.S.C. § 1961(a), which provides that

"interest shall be calculated from the date of the entry of the judgment, at a rate equal to the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately prior to the date of the judgment."

However, this Court has no power to affect the post-judgment interest rate awarded by the North Carolina state court on March 3, 1981 already accrued up to the entry of this Court's judgment. First, Section 1961 applies only to interest accruing after the entry of judgment by the federal district court. Second, Section 1961(c)(4) states:

"[t]his section shall not be construed to affect the interest on any judgment of any court not specified in this section."

To apply Section 1961(a) to the interest accruing between March 3, 1981 and the date of the filing of this judgment would "affect the interest on" the judgment of the North Carolina state court, a "court not specified in" Section 1961.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that:

(1) The Plaintiff's motion for summary judgment is GRANTED;

(2) The Plaintiff have and recover of the Defendant, Jay W. Marden, the sum of $23,831.58, with interest thereon at 8.65% per annum, from the date of filing of this Judgment;

(3) The Plaintiff's counsel is awarded attorneys' fees in the sum of $3,613.04;

(4) The Defendant is to pay the costs of this action in addition to $66.00, representing the costs of the North Carolina action.