Cratsley, J.
This action arises from a default on a loan to Millarson Pty. Limited which was personally guaranteed by defendant Rahul Vendrá Singh. Plaintiff moves for summary judgment on Count I of its complaint seeking recognition and enforcement of a judgment rendered by the Supreme Court of New South Wales, Australia against defendant pursuant to G.L.c. 235, §23A. For the reasons set forth below, plaintiffs motion for summary judgment is allowed in part.
BACKGROUND
The following facts are not genuinely in dispute.
Plaintiff loaned $576,000 (Australian dollars) to Millarson Pty. Limited (“Millarson”), an Australian company, in February 1990. The loan was secured by a Deed of Guarantee and Indemnity given by Rahul Vendrá Singh (“defendant”).[1] Defendant was a director of Millarson and resided in Australia until January 1992. Defendant also maintained a business office in Australia.
Millarson defaulted on the loan and plaintiff filed an action in the Supreme Court of New South Wales (“Australian court”) on September 10, 1991 to recover the unpaid principal plus interest on the loan. Mr. Wilson, a solicitor with the law firm of Messrs. Helliars, Solicitors (“Helliars”), appeared at a November 15, 1991 hearing regarding this matter on behalf of defendant in his personal capacily. An answer was filed for defendant in December 1991, along with sworn affidavits by defendant and Bernice Singh. Solicitors from Helliars represented defendant at court proceedings on five separate occasions between November 29, 1991 and May 22, 1992. In the Australian proceeding defendant did not object to service of process, did not claim that the court lacked personal jurisdiction, and did not assert that the Australian court was an inconvenient forum.
The Australian court entered judgment against defendant effective May 18, 1992 for $388,941.55 (Australian dollars) plus costs. Australia has recognized and enforced similar American judgments in the past. Plaintiff seeks enforcement of this judgment in Count I of its present complaint.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassessov. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nati Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Id. at 17. A party may not create a disputed issue of material fact by contradicting previous statements made under oath in an affidavit submitted at summary judgment. O’Brien v. Analog Devices, Inc., 34 Mass.App.Ct. 905, 906 (1993).
*553 The Uniform Foreign Money-Judgments Recognition Act (“the Act”), G.L.c. 235, §23A permits the recognition and enforcement of foreign judgments that are “final and conclusive and enforceable where rendered ... to the extent that it grants or denies recovery of a sum of money.” This Court assumes that Australian laws are similar to- the Commonwealth’s laws since the parties have not submitted evidence on this issue. McCord v. Jet Spray International Corp, 1994 WL 747873, 4 (D.Mass. December 28, 1994).
The Act also enumerates circumstances in which a foreign judgment shall not be recognized: when (1) the rendering court was not impartial or failed to provide procedures which satisfy due process requirements; (2) the foreign court did not have jurisdiction over the defendant or the subject matter; (3) the defendant did not receive sufficient notice of the proceedings to enable him to defend; (4) the judgment was obtained by fraud; (5) the cause of action on which the judgment is based is repugnant to the public policy of the Commonwealth; (6) the proceedings in the foreign court were contrary to an agreement between the parties; (7) in the case where jurisdiction is based solely on personal service, the forum was seriously inconvenient; and (8) the judgments of this state are not recognized in the courts of the foreign state. G.L.c. 235, §23A: McCord at 2.
Defendant opposes enforcement of the Australian judgment claiming that; (1) the Australian court did not have personal jurisdiction over him; (2) he never received notice of the proceedings in sufficient time to enable him to defend against the action; (3) the judgment was obtained by fraud; (4) the cause of action is repugnant to the public policy of the Commonwealth; and (5) Australia was an inconvenient forum for the action.
A. Exceptions to Recognition of Foreign Judgments under the Act
1.Personal Jurisdiction
Plaintiff has sustained its burden of proving personal jurisdiction in the Australian court. It is undisputed that defendant resided in Australia until January 1992, maintained an office and conducted business in Australia, and that the underlying cause of action arose from such business dealings. See Bank of Montreal v. Rough, 430 F.Supp. 1243 (N.D..Cal. 1977) (foreign judgment will not be refused for lack of personal jurisdiction if defendant maintained a business office in foreign state and the cause of action arose out of business conducted by defendant out of such office).[2] In this case the defendant has failed to raise any genuine issue of fact concerning the Australian court’s personal jurisdiction over him. Accordingly, the foreign judgment will not be disregarded due to a lack of personal jurisdiction.
2.Insufficient Notice
Defendant points to defects in plaintiffs service of process to argue that he was not afforded sufficient notice to defend against the Australian action. The issue of whether service of process was defective is immaterial where defendant had sufficient notice to present a defense and did, in fact, do so.[3] An answer was submitted to the Australian court on defendant’s behalf, in addition to affidavits by him and Bernice Singh, in December 1991. This was some five months prior to the court’s entering final judgment against him. Defendant was also represented in court proceedings by Helliars solicitors on at least six occasions. Moreover, defendant signed and submitted a sworn affidavit to the Australian court on December 4, 1991 which clearly indicated his status as the second defendant.
Under these circumstances defendant may not now deny knowledge of the lawsuit against him personally. See O’Brien, 34 Mass.App.Ct. at 906. Accordingly, the Australian judgment will not be disregarded for lack of notice.
3.Fraud
Defendant’s third argument for non-recognition of the Australian judgment is that it was obtained by fraud. The fraud alleged must relate to the court proceedings in order to justify disregarding the foreign judgment under the Act. Fairchild, Arabatzis & Smith, Inc. v. Prometeo Co., Ltd., 470 F.Supp. 610, 615 (S.D.N.Y. 1979).[4] See also Pina v. McGill Development Corp., 388 Mass. 159, 165-66 (1983) (to justify granting relief from the judgment based on fraud, the movant must prove “the most egregious conduct involving a corruption of the judicial process itself’) (citations omitted). Fraud relative to issues which were litigated or which could have been raised in the initial proceeding are not relevant to the issue of recognition of a foreign judgment. Fairchild, Arabatzis & Smith at 615.
Defendant’s fraud claim was already raised and considered by the Australian court. Therefore, allegations of fraud used to induce Bernice Singh to sign the personal guarantee are irrelevant to the issue currently before this Court.
Furthermore, defendant has failed to specifically allege facts in support of his fraud upon the court claim. The foreign judgment shall be enforced where this Court cannot reasonably infer any instances of fraud upon the Australian court from the summary judgment record.
4.Public Policy
Defendant next argues that the Australian judgment should be disregarded because the cause of action upon which the Australian judgment is based is repugnant to the public policy of the Commonwealth. However, it is well settled that an agreement voluntarily entered into by competent persons shall not generally be set aside for public policy reasons. Crimmins & Peirce Co. v. Ridder Peabody Acceptance Corp., 282 Mass 367, 379 (1933). Our high court *554 recognizes no public policy against enforcement of personal guarantees or other contracts entered into pursuant to a general power of attorney. Such judgments are routinely enforced and upheld in Massachusetts.
Defendant’s public policy argument appears to be based on Farrow’s alleged failure to inform Bernice Singh of the consequences of her signing the personal guarantee and indemnity agreement. Even assuming defendant’s factual allegations are true, enforcement of the guarantee would not offend the public policy of the Commonwealth. This was a business transaction between parties dealing at arms length. It is also worth noting that Farrow’s offer for the Millarson loan, dated January 23, 1990, and the Deed of Guarantee and Indemnity clearly indicated that Rahul Vendrá Singh was personally obligated under the loan agreement. Furthermore, no evidence suggesting that either party was mentally incompetent has been submitted to the court. Contrast Krasner v. Berk, 366 Mass. 464, 465-69 (1974). Therefore, public policy does not preclude enforcement of the Australian judgment in Massachusetts.
5. Inconvenient Forum
Lastly, defendant argues that the Australian judgement should be disregarded because the forum was seriously inconvenient. This exception to recognition of foreign judgments is only applicable when the foreign court’s jurisdiction over defendant is based solely on his personal service in the foreign state. G.L.c. 235, §23A; Manches & Co. v. Gilbey, 419 Mass. 414, (1995). Again, defendant’s argument fails because personal jurisdiction was based not only on personal service, but on defendant’s residence and business transactions in Australia.
B. Scope of Recognition and Enforcement
This Court next considers the extent to which it will recognize and enforce the Australian judgment where no exceptions apply to bar its enforcement. Defendant does not dispute the finality of the Australian judgment. The Act permits recognition and enforcement of foreign judgments “to the extent that it grants ... a sum of money.” G.L.c. 235. §23A. A foreign judgment for an undetermined amount of money is not enforceable under the Act. Restatement (Second) of Conflict of Laws §108 (1971). Therefore, the pertinent issue before the court is whether the Australian judgment is for a sum certain.
The Australian judgment awarded to plaintiff $388,941.55 (Australian dollars) against defendant Rahul Vendrá Singh, plus costs. The amount due on the defaulted loan which has been determined by the Australian court may be recognized and enforced according to the plain language of G.L.c. 235. §23A. However, because the Australian court has not determined the actual dollar figure of costs owed plaintiff, its award of costs to plaintiff may not be recognized and enforced in Massachusetts under the Uniform Foreign Money-Judgment Recognition Act.
ORDER
For all the foregoing reasons it is hereby ORDERED that Plaintiffs Motion for Summary Judgment is ALLOWED in part. The Australian judgment is be recognized and enforced to the extent that it grants judgment for $388,941.55 (Australian dollars). The Australian judgment is not enforced to the extent that it awards costs.

Bernice Singh, defendant’s wife and co-director of Millarson. actually signed the guarantee acting pursuant to a General Power of Attorney made to her by defendant.

California law is relevant where it has also adopted the Uniform Foreign Money-Judgments Recognition Act.

See Finkel v. Natale Rota, Inc., 19 Mass.App.Ct. 55, 56 (1984) (defendant’s act of appearing and answering complaint without raising issue of service og process constitutes a waiver of such a defense), and Mass.R.Civ.P. 12(h).

New York law is persuasive in so far as the Uniform Foreign Money Judgments Recognition Act has also been adopted in New York.