SECOND DIVISION

May 7, 2002 

No. 1-00-2121

KAREN BIANCHI,

Plaintiff-Appellant,

v.

SAVINO DEL BENE INTERNATIONAL FREIGHT FORWARDERS, INC.,

Defendant-Appellee.

))))

)

)))

))

Appeal from the Circuit Court of Cook County

99 L 12841

Honorable

Thomas P. Quinn, 

Judge Presiding

JUSTICE McBRIDE delivered the opinion of the court:

Plaintiff Karen Bianchi appeals the dismissal of a second citation to discover the assets of her former employer, defendant Savino Del Bene International Freight Forwarders, Inc.  Savino, an Illinois corporation based in Elk Grove Village, sent Bianchi to work in Italy for a year but terminated her employment after eight months.  Bianchi's citation was based upon an Italian labor court's judgment, which determined that Bianchi's employment had been improperly terminated.  The order provided that Bianchi's former employer pay her "back wages" or "matured salary" between the dates of the termination and her reinstatement.  Bianchi initiated the citation proceedings (735 ILCS 5/2-1402 (West 1998)) to enforce the Italian judgment and, on the same day, filed a complaint to recognize the Italian judgment pursuant to the Uniform Foreign Money-Judgments Recognition Act (735 ILCS 5/12-618 through 12-626 
(West 1998)) (Recognition Act).  

Savino's motion to dismiss the citation proceedings was granted after the trial court found that the Italian judgment did not state a specific amount of money as required by the supplementary proceedings statute, section 2-1402(b) of the Code of Civil Procedure.  (735 ILCS 5/2-1402(b) (West 1998)).  On appeal, Bianchi contends that the foreign judgment was sufficiently final, conclusive, and enforceable where rendered and, therefore, was entitled to recognition and enforcement in Illinois pursuant to the Recognition Act.

The record discloses the following facts.  Savino's parent company is headquartered in Scandicci, Italy.  Savino hired Bianchi, an American, 
to work in Italy as its sales representative between March 1995 and March 1996 at an annual salary of $38,000.  The parties' written contract specified these terms.  It also provided that all questions concerning "the validity or construction" of the contract would "be determined in accordance with the laws of Illinois," and that if Bianchi's employment was terminated by Savino before the expiration of the contract, Savino would pay her three months' severance and "have no further obligation."  After the parties reached this agreement, Bianchi moved to Florence, Italy, into a company-provided apartment and began working out of the parent company's offices.  However, in November 1995, an employee of the parent company verbally terminated her employment and Savino followed up with a letter indicating that her sales position had been eliminated.

Bianchi filed suit in the Florence labor courts on June 13, 1996, seeking reinstatement and damages from Savino and the parent company.  After a trial on the merits, the Italian court rendered a decision on February 12, 1998, finding that the parties' written contract was "null and void," Bianchi's verbal termination was "null and void," and the letter terminating her employment was ineffective.

The court ordered Savino to pay Bianchi's "back wages" or her "matured salary," "beginning from [the date of her improper termination] until the readmittance to her own work, in addition to monetary revaluation and legal interest based on individual credit matured until settlement; *** [and] the costs of the proceedings, liquidated in the amount of Italian Lire 7,485,500."  The court did not specify a wage or salary figure, and it did not order Savino to reinstate Bianchi, leaving the amount of Bianchi's award undetermined.

Savino did not rehire Bianchi or pay her any damages, and on November 12, 1999, she filed a complaint to recognize the foreign judgment in the circuit court pursuant to the Recognition Act.  Bianchi attached the Italian judgment and an authenticated English translation of the same as exhibits to her complaint.  She simultaneously filed a citation to discover Savino's assets pursuant to the supplementary proceedings statute, specifying that the foreign judgment was for "Italian Lire 187,778,011 plus interest and costs."

On December 10, 1999, Savino filed a "motion to vacate [the] foreign judgment,"arguing that the foreign order should not be recognized in Illinois because (1) Bianchi had waived any legal claims by accepting three months' severance pay shortly after her termination, (2) the Italian court had rejected the parties' choice of law clause and applied Italian law, rendering a decision that was "repugnant" to Illinois public policy, and (3) the Italian decision was not sufficiently certain.  This motion does not appear to have been ruled upon by the trial court and is not the subject of this appeal.

Savino also moved to dismiss the citation proceedings, arguing that the Italian judgment was "facially invalid" and did not meet the requirements of the supplementary proceedings statute, because it did not award a specific amount of damages and was contingent upon Bianchi's reinstatement.  Bianchi responded that Savino's reliance on the supplementary proceedings statute was misplaced, and she directed the trial court's attention to the Recognition Act.  She stated that the foreign decision was "final and conclusive and enforceable where rendered," and therefore entitled to enforcement in Illinois pursuant to the Recognition Act.  Bianchi, however, did not provide any Italian statutes or case law to support her conclusion that the Italian courts would construe the decision as final, conclusive, and enforceable.  Instead, she argued that under section 12-620 of the Recognition Act (735 ILCS 5/12-620 (West 1998)), a "foreign judgment *** is conclusive between the parties to the extent that it grants or denies recovery of a sum of money," and she argued that the Italian judgment was conclusive because it contained an "exact formula" for determining "recovery of a sum of money."  She also argued that damages would accrue until Savino formally offered to reinstate her, but she did not provide any Italian legal authority to support this conclusion.

On December 29, 1999, the trial court dismissed the citation, finding that the Italian judgment was "not enforceable because it does not specifically state the amount of judgment as required by 735 ILCS 5/2-1402(b) [(West 1998)]."  The trial court quoted the portion of the order indicating that Bianchi is to be paid "the matured salary beginning from [the date of her improper termination], until the readmittance to her own work, in addition to monetary revaluation and legal interest based on individual credit entries matured until settlement," and held, "This provision is so ambiguous that this court cannot conclude that plaintiff's damage calculation is supportable."  The trial court pointed out that the term "matured salary" was never defined and that the parties' employment contract providing for Bianchi's $38,000 annual salary had been "declared null and void by the Italian court."  Based on these deficiencies, the trial court concluded, "The amount of the judgment cannot, at this time, be determined."

On January 26, 2000, Bianchi filed a new set of pleadings consisting of an amended complaint to recognize a foreign judgment and a second citation to discover assets.  

The amended complaint was similar to her prior complaint but added an "Intimation of Payment," (intimation) in its original Italian form and an authenticated English translation of the intimation.  Bianchi stated that the intimation was "issued on June 18, 1998," and, in a footnote, explained, "Under Italian civil law, an Intimation of Payment is a notification to the other party in a legal proceeding that presents the computation of damages resulting from the formula presented in the court's judgment."  Although Bianchi referred to "Italian civil law," she did not plead any specific Italian statute supporting her statement about the intimation and did not plead what the required form and contents of an intimation were under Italian law.  She also failed to plead when, where, how, or if Savino received the intimation she had "issued" four months after the Italian court reached its decision, and she gave no indication of what additional rights an intimation creates within the Italian legal system.  She concluded, however, that the order and intimation were "in full force and effect [because] no action has been taken in the rendering court to set [them] aside ***, and no appeal *** is pending."

In the intimation, Bianchi warned Savino that if it did not pay certain sums within 10 days of service, Bianchi would commence enforcement proceedings.  She sought Italian Lire 155,456,00, indicating this was her gross salary between February 7, 1996 and June 7, 1998, based upon an exchange rate of $1 to Italian lire (L) 1,753.30.  Bianchi did not indicate why she used these particular dates for her calculations, and we note that they do not coincide with Bianchi's verbal termination on November 7, 1995, her written termination on November 14, 1995, the commencement of her lawsuit on June 13, 1996, or the judgment date of February 12, 1998.  Using Bianchi's exchange rate, her salary demand was $88,665.  She also sought L3,295,430 ($1,880) for "Monetary revaluation from February 1996 to May 1998," and what appear to be attorney fees and litigation expenses, including L1,100,000 ($627), L40,000 ($23), and L160,000 ($91) for "Expenses liquidated," "collection of authentic copies," and "consultation."  The non-salary amounts totaled L24,836,511 ($14,166), and brought the intimation's overall total to L180,292,511 ($102,830).  The intimation stated, however, that Bianchi was reserving "the right to ask for the further payments of gross salaries from 7 June 1998 on."  The document was signed by Bianchi and her Italian counsel.

Bianchi's amended complaint to recognize a foreign judgment concluded with a prayer for judgment "in accordance with 735 ILCS 5/12-620 [(West 1998)]," the section of the Recognition Act indicating that a foreign judgment is conclusive between the parties to the extent that it grants recovery of a sum of money. 

Bianchi's second citation to discover assets specified that the Italian judgment was for "Italian Lire 187,778,011 plus interest and costs," however, we note that L187,778,011 ($107,099) is actually the sum of Bianchi's intimation (L180,292,511 or $102,830) and the foreign court's award of a specific amount of costs (L7,485,500 or $4,269).

Savino moved to dismiss Bianchi's second citation, again arguing that the Italian judgment was "facially invalid" because it did not state a specific amount of damages and was contingent upon Savino reemploying Bianchi.  Savino argued that the intimation added nothing to the proceedings because there was no indication it had been served upon Savino and it was "only Plaintiff's counsel's opinion as to what damages Plaintiff would assert at a prove-up hearing - it is clearly not a judgment of the Italian Court."  At the conclusion of a hearing on February 7, 2000, the trial court dismissed Bianchi's second citation, finding that the addition of the intimation did not cure the problems identified in the first dismissal order.

On March 7, 2000, Bianchi filed a motion for reconsideration arguing that section 12-621(a) of the Recognition Act (735 ILCS 5/12-621(a) (West 1998)), permitted the trial court to deny enforcement of a foreign judgment only when the foreign system lacked due process or when the rendering court lacked personal or subject matter jurisdiction, but since none of these three specific conditions applied to the order at issue, the circuit court should have construed the Italian judgment as final, conclusive, and enforceable where rendered, pursuant to section 12-619 of the Recognition Act (735 ILCS 5/12-619 (West 1998)).

She argued the order was conclusive between the parties because it granted recovery of a sum of money, in accordance with section 12-620 of the Recognition Act (735 ILCS 5/12-620 (West 1998)).  She indicated that she had "tendered" the intimation to Savino seeking a specific sum, "as provided by the Italian Code of Civil Procedure," but believed that the trial court had "failed to make due inquiry about the enforcement of judgments under the Italian Code of Civil Procedure," and therefore it did not understand the significance of the intimation.

In order to "assist" the trial court, Bianchi offered a letter to the court from two Italian practitioners that discussed remedies for unfair dismissal under Italian labor law and procedures for enforcing a judgment in the Italian courts, and that provided their interpretation of the order at issue.  Although the practitioners discussed specific Italian statutes, they did not provide the actual statutes or verify the authenticity of the provisions they purported to translate.

Bianchi cited the letter and argued that under Article 474 of the Italian Code of Civil Procedure, a money judgment is enforceable when the amount can be determined with only a mathematical operation.  She contended that Savino's obligation could be determined with the simple mathematical operation of 
"multiplying [her] monthly salary by the number of months before [Savino] complies with the judgment of the Italian labor court."

She also cited the letter to support her contentions that Article 480 of the Italian Code of Civil Procedure specifies the contents of an intimation, and that pursuant to Article 615 of the Italian Code of Civil Procedure, a losing party may contest the prevailing party's right to commence enforcement proceedings and may contest the amount specified in the intimation. 

Bianchi also argued that the trial court had "failed to make due inquiry [into] whether Defendant was served with the Intimation of Payment or whether Defendant contested the Intimation of Payment in accordance with the provisions of Article 615." 

Although Bianchi apparently believed that knowledge of the parties' compliance with the intimation process was essential to the trial court's decision whether to recognize and enforce the Italian judgment, Bianchi did not provide these factual details to the court.  Bianchi only stated that she had "tendered" the intimation.  She did not indicate whether Savino had been "served" with or contested the intimation in the Italian courts.

Bianchi also argued in her motion for reconsideration that the principle of comity required the trial court to respect the Italian court's substantive and procedural laws and to recognize and enforce a judgment based upon those laws.

The trial court denied Bianchi's motion on May 24, 2000, and on June 21, 2000, Bianchi filed this appeal, essentially repeating the theories of her motion for reconsideration.

Our first consideration is the appropriate scope of our review.  Savino contends that (1) the order dismissing Bianchi's original citation  without prejudice was final and appealable under Supreme Court Rule 304(b)(4) (134 Ill. 2d 304(b)(4)),  (2) Bianchi's failure to take an interlocutory appeal prior to amending her pleadings rendered the order the "law of the case," (3) Bianchi's appeal, therefore, cannot present arguments "identical" to the ones she presented in the unsuccessful defense of her original citation, and thus, (4) our consideration is limited to arguments that were newly raised after the dismissal of the original citation, specifically, to arguments related to the intimation.  We disagree.

Supreme Court Rule 304(b)(4) and the cases that Savino relies upon, 
Illinois Brewing & Malting Co. v. Ilmberger
, 155 Ill. App. 417 (1910), and 
J. Eck & Son, Inc. v. Reuben H. Donnelley Corp.
, 188 Ill. App. 3d 1090, 545 N.E.2d 170 (1989), do not support Savino's claim that a dismissal without prejudice in a section 2-1402 proceeding is final and appealable.  The rule states that final judgments or orders entered under section 2-1402 proceedings may be appealed without a special finding by the trial court.  134 Ill. 2d R. 304(b)(4).  
Illinois Brewing
 indicates that an order requiring a judgment debtor to pay a judgment is a final and appealable order.  
Illinois Brewing
, 155 Ill. App. 417.  
J. Eck & Son
 indicates that an order dismissing a complaint without prejudice is not final and thus not appealable.  
J. Eck & Son
, 188 Ill. App. 3d at 1093.  Generally, the dismissal of a complaint is not final and appealable unless the order states that it is with prejudice or in some other way indicates that the litigation is terminated and the plaintiff will not be permitted to replead.  
Sutherland v. Illinois Bell
, 254 Ill. App. 3d 983, 987, 627 N.E.2d 145 (1993).  Because Bianchi was allowed to replead, the order dismissing the original citation was not final and appealable.  This cause became final and appealable, and subject to our review, when the dismissal of the second citation was entered.  Thus, neither the rule nor the case law supports Savino's initial claim.  Nor has Savino cited any authority whatsoever discussing the law of the case doctrine or indicating that theories which were unsuccessful at the trial level may not be reasserted on appeal.

Supreme Court Rule 341 requires the parties to an appeal to provide legal authority for their contentions (
177 Ill. 2d Rs. 341(e)(7), (f)), and the failure of a party to provide such authority results in waiver of the argument (
Estate of Strocchia v. City of Chicago
, 284 Ill. App. 3d 891, 901, 672 N.E.2d 919 (1996)).  We therefore find that Savino's unsupported argument is waived.

Contrary to Savino's unsupported argument, a 
reviewing court is not required to defer to the trial court's judgment on a motion to dismiss and reviews the matter 
de novo. 
 
T&S Signs, Inc. v. Village of Wadsworth
, 261 Ill. App. 3d 1080, 1084, 634 N.E.2d 306 (1994).  In other words, we are reviewing the record, not the theories of counsel or those relied on by the court below.  
Swift & Co. v. Dollahan
, 2 Ill. App. 2d 574, 599, 120 N.E.2d 249 (1954) (legal sufficiency of pleading is decided on basis of record, rather than on theories of counsel or those indulged by court below).  Therefore, we will consider the theories presented by Bianchi in her appellate brief.

In its motion to dismiss the second citation, Savino argued that the foreign judgment was "facially invalid," but did not specify whether dismissal was sought under section 2-615 or section 2-619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2-615, 2-619(a)(9) (West 1998)).  When asked about this omission during oral arguments, Savino indicated that neither statute was pertinent.

Although review of a dismissal under either section is 
de novo
, the analysis differs.  A section 2-619(a)(9) motion assumes a cause of action has been stated, but asserts that the claim is defeated by affirmative matter.  
Barber-Colman Co. v. A & K Midwest Insulation Co.
, 236 Ill. App. 3d 1065, 1068-74, 603 N.E.2d 1215 (1992).  A motion to dismiss under section 2-615 motion attacks defects apparent on the face of the complaint and is based on insufficiency in the pleading rather than on the underlying facts.  
Barber-Colman
, 236 Ill. App. 3d at 1068.  Thus, it is apparent that in arguing that the citation was "facially invalid," Savino was asserting a section 2-615 argument.

Illinois is a fact-pleading jurisdiction, and a plaintiff must allege facts sufficient to bring her claim within the scope of the cause of action being asserted.  
Anderson v. Vanden Dorpel
, 172 Ill. 2d 399, 408, 667 N.E.2d 1296 (1996).  In opposing a motion to dismiss under section 2-615, a plaintiff cannot rely on mere conclusions of law or fact unsupported by specific factual allegations.  
Anderson
, 172 Ill. 2d at 408.  If, after disregarding any legal and factual conclusions, the complaint does not allege sufficient facts to state a cause of action, the motion to dismiss should be granted.  
Lake County Grading Co. of Libertyville, Inc. v. Advance Mechanical Contractors, Inc.
, 275 Ill. App. 3d 452, 457, 654 N.E.2d 1109 (1995).

In reviewing a section 2-615 dismissal, we must determine whether the allegations of the second citation, when interpreted in the light most favorable to the plaintiff, sufficiently set forth a cause of action upon which relief may be granted.  
Brock v. Anderson Road Ass'n
, 287 Ill. App. 3d 16, 20, 677 N.E.2d 985 (1997).  Because we find that Bianchi's pleadings are defective under both the supplementary proceedings statute (735 ILCS 5/2-1402(b) (West 1998))  and the Recognition Act (735 ILCS 5/12-618 
et seq.
 (West 1998)), we affirm.

Before addressing the sufficiency of Bianchi's second citation, we feel it necessary to point out a procedural defect in the proceedings below.  As pointed out above, Bianchi simultaneously initiated recognition and enforcement proceedings.  When she did so, Savino filed motions to "vacate [the] foreign judgment" and to dismiss the citation proceedings.  For reasons not apparent on the record, the motion to dismiss the citation was heard first.  
We question whether Bianchi could properly initiate Illinois enforcement proceedings under section 2-1402 before having the foreign judgment recognized in Illinois.  During oral argument, Bianchi indicated that recognition of a foreign country's order is not a prerequisite to its enforcement, because requiring her to duplicate the Italian proceedings in Illinois would defeat the purpose of the Recognition Act.  This argument blurs the distinction between her wrongful termination action and a recognition action.  A wrongful termination claim such as the one that Bianchi pursued in the Italian labor courts, which focuses on the propriety of the employer's conduct, is distinct from a recognition action, which focuses on the propriety of the foreign proceedings.  See, 
e.g.,
 
Ingersoll Milling Machine Co. v. Granger
, 833 F.2d 680 (7th Cir. 1987) (analyzing, among other things, whether Belgian court which awarded employment termination properly exercised subject matter and personal jurisdiction, and afforded due process).  Therefore, a recognition proceeding would not require Bianchi to relitigate her underlying claim.  While certain facts could be relevant to both proceedings, those facts would be analyzed under different legal principles, and would not change the fact that each proceeding has a different focus and purpose.  Therefore, Bianchi's argument that a recognition action would require her to relitigate her termination action is factually incorrect and unpersuasive.

Although our research has not disclosed any Illinois decision specifically addressing whether a foreign country's judgment must be recognized before enforcement proceedings can be initiated, there is authority suggesting this interpretation of section 12-620 of the Recognition Act.  See 
Pinilla v. Harza Engineering Co.
, 324 Ill. App. 3d 803, 755 N.E.2d 23 (2001) (
indicating that court should determine whether foreign judgment is capable of recognition before determining whether foreign judgment is capable of enforcement).  

There is authority from other jurisdictions, however, indicating that before a party can enforce a judgment from a foreign country, the party must first have the foreign judgment recognized by the state in which he or she will be seeking enforcement.  
Matusevitch v. Telnikoff
, 877 F. Supp. 1, 2-3 (D.C. 1995) (before a party can enforce a foreign country judgment, the Recognition Act requires a proceeding to determine whether the court should recognize the judgment); 
Marks v. United States
, 15 Cl. Ct. 609, 612 (1988) (until a foreign country judgment is recognized, the holder of the judgment does not have a legally enforceable right); 
Lenchyshyn v. Pelko Electric, Inc.
, 281 AD.2d 42
, 49, 723 N.Y.S.2d 285, 291 (2001) (after court recognizes foreign country judgment and converts it to local judgment, judgment creditor might pursue 
in personam
 or 
in rem
 enforcement devices).  Therefore, Bianchi's citation proceedings could have been dismissed as prematurely commenced.  However, because Savino has not raised this procedural defect, we will address the sufficiency of Bianchi's second citation.

We begin by noting that a citation to discover assets "is a method by which a judgment creditor may proceed against a judgment debtor or third parties to discover and recover the judgment debtor's assets for the purpose of applying the property in satisfaction of the judgment."  
Pontikes v. Perazic
, 295 Ill. App. 3d 478, 484, 692 N.E.2d 712 (1998).  Citation proceedings, also known as supplementary proceedings, are not available to a creditor until after a judgment capable of enforcement has been entered in their favor.  
State Bank of Piper City v. A Way, Inc.
, 135 Ill. App. 3d 1010, 482 N.E.2d 620 (1985).  Supreme Court Rule 277, which specifies the form and procedures for conducting citation proceedings, indicates that citation proceedings may be commenced at any time with respect to a judgment that is subject to enforcement.  134 Ill. 2d R. 277.  The supplementary proceedings statute indicates that the judgment creditor or her attorney shall certify the name of the court, the number of the case, the date or revival date of the judgment, the amount of the judgment and the balance due. 735 ILCS 5/2-1402(b) (West 1998). 

 
Moreover, the Uniform Enforcement of Foreign Judgments Act provides that a recognized foreign country's judgment "is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a circuit court for any country of this State and may be enforced or satisfied in like manner."  735 ILCS 5/12-652 (West 1998); 
Pinella v. Harza
, 324 Ill. App. 3d 803, 755 N.E.2d 23 (2001) (once a foreign country's judgment is recognized, it is subject to enforcement procedures).  Therefore, local and foreign judgments are subject to the same enforcement and satisfaction mechanisms and standards.

Bianchi never addresses the section 2-1402 requirements in her brief on appeal, nevertheless, she proceeded under this statute and was bound to comply with these requirements, including the statutory provision the trial court specifically relied on in dismissing Bianchi's citation, which required Bianchi or her counsel to certify the amount of the judgment.  735 ILCS 5/2-1402(b) (West 1998). 
Our research has not disclosed any authority interpreting the "amount of judgment" language of section 2-1402(b), however, we construe this language to limit citation proceedings to judgments that are certain and that  state a specific monetary amount.

Thus, the question we address is whether the second citation is based upon a judgment awarding a specific amount of money.  Although Bianchi's Illinois attorney certified that the amount of the foreign judgment was for the specific sum of  "Italian Lire 187,778,011," this allegation was completely negated by the Italian judgment, which states that Savino is to pay the "back wages" or "matured salary" that accrue between the date of Bianchi's improper termination and the date she is reinstated.  When an exhibit is attached to a complaint it becomes part of the complaint (
Brock
, 287 Ill. App. 3d at 21), and when the allegations in the complaint differ from those shown in the exhibit attached to the complaint, the exhibit controls (
Baker v. Daniel S. Berger, Ltd.
, 323 Ill. App. 3d 956, 963, 753 N.E.2d 463 (2001)).  Our review of the Italian labor court's order indicates that a specific monetary amount was never determined because it was contingent upon reinstatement, an event that has not occurred.  Moreover, the judgment does not provide any mechanism for Bianchi's reinstatement.  Therefore, since the order does not provide a specific amount of money, Bianchi's citation fails to meet the requirements of the supplementary proceedings statute.  735 ILCS 5/2-1402(b) (West 1998).  We further conclude the judgment is not capable of enforcement under Supreme Court Rule 277.  134 Ill. 2d R. 277.

We also disagree with Bianchi's conclusion that the Italian order provides a formula for calculating the specific sum of "back wages" or "matured salary" that she requested from the Illinois court.  The Italian judgment voids the parties' written employment contract, which was the only document specifying Bianchi's compensation level, and does not state any other wage or salary figure.  Furthermore, the order provides that Bianchi's wages or salary will accrue until Bianchi is reinstated, but as pointed out above, the Italian court did not provide any steps to bring about her reinstatement, and it is undisputed that Bianchi has never been reinstated.  Because the order does not indicate the amount or duration of payments to be used in the calculating Bianchi's award, it is impossible to calculate any sum of money owing.  Thus, we conclude the Italian labor court's order is not certain, does not state a specific monetary amount, and is not capable of enforcement under the supplementary proceedings statute and Supreme Court Rule 277.  735 ILCS 5/2-1402(b) (West 1998); 134 Ill. 2d R. 277.

Moreover, if Bianchi believed that Italian statutes or case law would have closed the gaps in the foreign judgment's "formula," she should have pled those facts.  While Illinois statutes provide that Illinois courts may take judicial notice of the laws of sister states and of the United States (735 ILCS 5/8-1003 (West 1998)), an Illinois court cannot take judicial notice of the laws of foreign countries (735 ILCS 5/8-1007 (West 1998)).  Therefore, in Illinois, the laws of foreign counties must be pled and proven as any other fact.  
Vrozos v. Sarantopoulos
, 195 Ill. App. 3d 610, 618-19, 552 N.E.2d 1093 (1990) (judgment allowing registration and enforcement of Canadian judgment vacated where plaintiff neither pled nor proved relevant Canadian law); 
In re Estate of Glenos
, 53 Ill. App. 2d 283, 292, 202 N.E.2d 833 (1964) (Greek laws would be required to prove what document was).

We also disagree with Bianchi's contention that the intimation somehow cures the uncertainty of the Italian judgment.  To begin with, Bianchi has never pled any Italian statutes or case law supporting this conclusion -- she has never established that an intimation has any significance in the Italian courts.  She has never factually pled the required form and contents of an intimation, and that her intimation met those minimum requirements.  She has never factually pled why she used certain dates in the calculations in her intimation or why she performed the calculations when she did, four months after the Italian judgment was issued.  Bianchi's dates did not coincide with her verbal termination, written termination, commencement of her lawsuit, or the judgment of the court, and thus appear to be randomly chosen.  Furthermore, as Savino points out, there is no indication the intimation was ever served, and according to Bianchi, service triggers Savino's right to contest the amount of the intimation or contest Bianchi's right to pursue enforcement proceedings.  Therefore, Bianchi's allegations that the intimation was "issued" and was "in full force and effect" are conclusions unsupported by facts that the intimation finalized Bianchi's right to the monetary amount specified in her citation.  We are not required to accept conclusions of law or fact unsupported by specific factual allegations.  
Anderson
, 172 Ill. 2d at 408.  Finally, the intimation was prepared and signed by Bianchi and her Italian counsel -- it is not a judgment of any court.  In short, the intimation, as presented, does not support Bianchi's conclusion that the intimation renders the Italian court's order certain and enforceable in Illinois.

Because Bianchi's second citation to discover Savino's assets did not factually allege that the underlying judgment was for a specific monetary amount, as required by the supplementary proceedings statute (735 ILCS 5/2-1402(b) (West 1998)), it did not sufficiently set forth a cause of action upon which relief could be granted, and was properly dismissed (
Lake County Grading
, 275 Ill. App. 3d at 457 (motion to dismiss should be granted if pleading does not allege sufficient facts to state a cause of action))
.

Bianchi contends, nonetheless, that the controlling statute is the Recognition Act.  We disagree, but also determine that Bianchi's second citation fails to sufficiently set forth a cause of action under the Recognition Act.  The recognition and enforcement of money judgments rendered by courts outside of the State of Illinois are governed by the Recognition Act and the Uniform Enforcement of Foreign Judgments Act ( 735 ILCS 5/12-650 
et seq.
 (West 1998)) (Enforcement Act).

The Recognition Act applies to money judgments of foreign states, that is, to any judgment of a governmental unit other than the United States or any of its states, districts or territories, granting or denying recovery of a sum of money. 735 ILCS 5/12-618 (West 1998).  The Recognition Act provides that "any foreign judgment that is final and conclusive and enforceable where rendered" (735 ILCS 12-619 (West 1998)) is "enforceable in the same manner as the judgment of a sister state which is entitled to full faith and credit"(735 ILCS 5/12-620 (West 1998)).

The Recognition Act does not define "final and conclusive and enforceable," but specifies that a foreign judgment "is conclusive between the parties to the extent that it grants or denies recovery of a sum of money" 735 ILCS 5/12-620 (West 1998)), and is "inconclusive" if the foreign legal system lacked due process, or the rendering court lacked personal or subject matter jurisdiction, 735 ILCS 5/12-621(a) (West 1998)).

The Recognition Act specifies six other potential grounds for nonrecognition, including that the cause of action on which the judgment is based is repugnant to the public policy of Illinois (
e.g.
, a judgment to enforce a gambling debt (
Marina Associates v. Barton
, 206 Ill. App. 3d 122, 563 N.E.2d 1110 (1990)); and that proceeding in the foreign court was contrary to an agreement between the parties that the dispute was to be settled other than by proceeding in that court (735 ILCS 12-621(b) (West 1998)).

Bianchi contends that unless a foreign judgment suffers from one of the nine defects enumerated in the Recognition Act (735 ILCS 5/12-621 (West 1998)), the foreign judgment must be recognized in Illinois.  We disagree.  
As indicated above, the Recognition Act is limited to judgments that grant or deny recovery of a sum of money (735 ILCS 5/12-618 (West 1998)).  Therefore, if Bianchi's second citation, and amended complaint which the citation is based upon, did not plead facts indicating that the foreign judgment granted recovery of a sum of money, her pleadings would be defective as a matter of law, and the trial court's dismissal of the citation would be proper under the Recognition Act.

Bianchi complains that the trial court failed to examine the judgment under the law of the jurisdiction in which the judgment was rendered.  She contends that the foreign judgment contains a "precise formula" for damages and that the intimation "tendered" to Savino sought a specific sum of money in accordance with Italian law, therefore, the judgment is conclusive.  She also contends that the trial court did not reach this conclusion because it failed to conduct "due inquiry" into Italian enforcement procedures, specifically Articles 474, 475, 480 and 615 of the Italian Code of Civil Procedure.  Finally, the trial court erred by "not considering the contents of the opinion letter by the Italian attorneys" as to the conclusiveness of the judgment.  We disagree.

We find that the second citation and the amended complaint to recognize a foreign judgment did not factually plead that the foreign judgment grants recovery of a sum of money.  As indicated in the section 2-1402 discussion, Bianchi's claim for a sum of money was negated by the Italian court's award of "back wages" or "matured salary" that would accrue between Bianchi's termination and reinstatement.  
Baker v. Daniel S. Berger, Ltd.
, 323 Ill. App. 3d 956, 963, 753 N.E.2d 463 (2001) (when allegations in complaint differ from those in attached exhibit, attached exhibit controls).

Furthermore, even if Bianchi were to factually establish that this foreign country's judgment was sufficiently final, conclusive, and enforceable where rendered and therefore entitled to recognition, it is conclusive under the Recognition Act only when it grants recovery of a sum of money.  The Italian labor court's judgment did not grant the recovery of a sum of money.  It is not a judgment for an amount of money, for all the reasons discussed above.  Although there is no Illinois authority directly on point, other jurisdictions have declined to enforce foreign judgments unless the foreign judgment determined the actual amount of money owed.  See 
Farrow Mortgage Services Pty. Ltd. v. Singh
, 3 Mass. L. Rptr 552 (1995) (Massachusetts court determining that Australian judgment for $388,941.55 Australian dollars plus costs recognizable and enforceable under Recognition Act only to the extent that it granted judgment for $388,941.55 Australian dollars, and not enforceable to the extent that it awarded undetermined costs); 
Everson v. Everson
, 494 Pa. 348, 431 A.2d 889 (1981) (Pennsylvania court construing Arizona judgment and indicating that ordinarily a judgment for the payment of money will not be enforced in another state unless it is a final judgment for a specific amount of money); 
Wisconsin 
ex rel.
 Stromberg v. Stromberg
, 1 Neb.C.A. 526 (1992) (Wisconsin judgment requiring payment of military allotment was uncertain and unenforceable in Nebraska after discharge from military service); 
Cockle v. Cockle
, 204 Neb. 88, 90-91, 281 N.W.2d 392, 393-94 (1979) (indicating that Nebraska court could not ascertain amount due on California judgment without resorting to facts outside the record of the California court and therefore should deny registration of California judgment);
 
Coane v. Girard Trust Co.
, 182 Md. 577, 35 A.2d 449 (1944) (Maryland court construing Pennsylvania judgment and indicating that full faith and credit clause applies to final judgments which are unconditional and certain); Restatement (Second) of Conflict of Laws § 107, 108 (1971) (judgment for payment of money not enforceable in another state unless the amount to be paid has been finally determined under law of rendering state). 
 Cf.
 
North Carolina National Bank v. Marden
, 561 F. Supp.698, 699 (1983) (judgment awarding 2 1/2% per annum above specific bank's prime interest rate did not render amount awarded uncertain so as not to be enforceable).  In light of this authority, we conclude that Bianchi could not factually plead that the Italian judgment in its current form is enforceable in Illinois.

Additionally, Bianchi's bare presentation of the intimation did not cure the deficiencies of the Italian judgment.  The Recognition Act provides for recognition of foreign judgments, that is, orders of the court, and does not provide for recognition of foreign judgments on the basis of any other documents.  See 
e.g
., 
Osario v. Harza Engineering Co.
, 890 F. Supp. 750, 754 (W.D. N.C. 1995) (nothing in the Recognition Act authorized recognition and enforcement of an Argentine judgment pursuant to a letter rogatory addressed to any judge of competent jurisdiction in Chicago from a judge of commerce in Buenos Aires).  If Bianchi believed, however, that the intimation was dispositive of the parties' rights, it was incumbent upon her to factually plead and eventually prove the Italian law and circumstances that would lead the trial court to this conclusion.  
Lake County Grading
, 275 Ill. App. 3d at 456-57 (Illinois is a fact pleading state and factual deficiencies cannot be cured by liberal construction); 
Vrozos
, 195 Ill. App. 3d at 618-19 (plaintiff seeking judgment recognition and enforcement required to plead and prove Canadian law); 
Atwood Vacuum Machine Co. v. Continental Casualty Co. of Chicago
, 107 Ill. App. 2d 248, 262-63, 246 N.E.2d 882 (1969) (meaning of Venezuelan statutes must be proved).

Bianchi alleged only that an intimation is notification of a damage calculation, that she "issued" the intimation, and that the intimation is in "full force and effect" because no action had been taken to set it aside.  As pointed out in the section 2-1402 discussion, Bianchi did not factually plead the required form and contents of an intimation, why she used a certain salary figure and certain dates in her calculations, what form of service or delivery is required, that she complied with the service or delivery standard, that Savino received the document on a specific date, the time period and method for contesting an intimation, and the consequences of failing to do so.  Bianchi failed to plead and provide the law and facts she deemed dispositive of the proceedings.  Her contention that the intimation is conclusive of the parties' rights is based on nothing more than her own subjective belief.  Bianchi's presentation of the intimation was cursory and conclusory, rather than sufficiently factual, and she prevented the trial court from determining that the intimation somehow cured the deficiencies of the Italian judgment.

Accordingly, taking Bianchi's allegations in a light most favorable to her and drawing all reasonable inferences thereon, we conclude that she failed to factually plead that the foreign judgment granted the recovery of a sum of money as required by the Recognition Act.  735 ILCS 5/12-618(b) (West 1998).  The section 2-615 dismissal of the citation by the trial court was therefore properly granted.  
Lake County Grading
, 275 Ill. App. 3d at 457 (motion to dismiss should be granted if pleading does not allege sufficient facts to state a cause of action).

Nevertheless, Bianchi sought reconsideration of the dismissal, arguing that the court "failed to make due inquiry" into Italian enforcement procedures and failed to determine whether Savino was served with the intimation or contested it in Italy.  The purpose of a motion to reconsider is to bring to the court's attention changes in the law, errors in the court's previous application of existing law, or  newly discovered evidence that was not available at the time of the hearing.  
Kaiser v. MEPC American Properties, Inc.
, 164 Ill. App. 3d 978, 987, 518 N.E.2d 424 (1987).  The decision to grant or deny a motion for reconsideration is within the discretion of the court, and will not be reversed absent an abuse of that discretion.  
American National Trust Co. v. Kentucky Fried Chicken of Southern California, Inc.
, 308 Ill. App. 3d 106, 120, 719 N.E.2d 201 (1999).

As previously indicated, an Illinois court cannot take judicial notice of the laws of foreign countries (735 ILCS 5/8-1007 (West 1998)), and the laws of foreign countries must be pled and proven as any other fact (
Vrozos
, 195 Ill. App. 3d at 618-19).  

Furthermore, our adversarial system would not permit the trial court to conduct its own investigation into the facts and Italian law relevant to the enforceability of the Italian judgment.  In 
Nowaczyk v. Welch
, 106 Ill. App. 2d 453, 245 N.E.2d 894 (1969), the judge appointed a physician in order to conduct his own factual investigation into the extent of a lawyer's illness, stated on the record that the physician had orally advised the court, and then denied a motion for continuance due to the lawyer's illness and dismissed the suit for want of prosecution.  The appellate court reversed and remanded for trial, stating that a determination based upon private investigation by the court or upon private knowledge of the court, untested by cross-examination or any of the rules of evidence constitutes a denial of due process.  
Nowaczyk
, 106 Ill. App. 2d at 462.  The appellate court also ordered a new trial in 
City of Chicago v. Garrett
, 136 Ill. App. 3d 529, 533-34, 483 N.E.2d 409 (1985), even though the judge's private consultation with an outside expert was suggested by the defense counsel, and the judge subsequently stated that he did not actually use the outside information in reaching his decision.  The appellate court indicated that the judge's independent study was contrary to our system's established form and procedure, and that the resulting taint on the proceedings was incurable.  And in 
In re Estates of Rice
, 77 Ill. App. 3d 641, 654-55, 396 N.E.2d 298 (1979), after the trial judge privately reviewed and would not permit interested parties to examine or challenge a fee petition, the appellate court indicated that the procedure alone required reversal.  
There is no question that the trial court is confined to the record created by the parties and cannot conduct an independent investigation into information directly bearing on the case.  

Because it would have been improper for the trial judge to take judicial notice of the laws of a foreign country or to conduct a private investigation into the dispositive facts, we reject Bianchi's suggestion that the dismissal of her citation proceedings can be attributed to a shortcoming of the trial court.

Bianchi also indicates that she attempted to "assist" the trial court after it failed to conduct an inquiry by tendering the "opinion letter" she obtained from two Italian practitioners as to the validity of the judgment in the system in which it was rendered.  This was an ineffective means of pleading a factually sufficient claim, for several reasons.

First, although an exhibit attached to a complaint becomes part of the complaint (
Brock
, 287 Ill. App. 3d at 21) subsequent information, including affidavits, discovery material, documentary evidence not incorporated into the pleadings as exhibits, testimonial evidence, or other evidentiary materials may not be considered in ruling on a section 2-615 motion (
Barber-Colman
, 236 Ill. App. 3d at 1068).  Therefore, attaching crucial material to a motion for reconsideration is not an effective method of overcoming a section 2-615 motion to dismiss.  Nothing in the record indicates that Bianchi sought leave to file a second amended complaint to include the relevant Italian law.

Second, ordinarily the letter, which was an out-of-court statement offered for the purpose of establishing the truth of the matters asserted in it, would be inadmissible hearsay (
C.L. Maddox, Inc. v. Royal Insurance Co. of America
, 208 Ill. App. 3d 1042, 1047, 567 N.E.2d 749 (1991)), and therefore could not considered by the court.  Bianchi argues, however, that the opinion letter was entitled to an exception to the hearsay rule, based upon Rule 
44.1 of the Federal Rules of Civil Procedure.  This rule states in pertinent part: "The court, in determining foreign law, may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence." Fed. R. Civ. P. 44.1.  Bianchi discusses several cases interpreting this rule, including 
Kalmich v. Bruno
, 553 F.2d 549, 555 n.4 (7th Cir. 1977) (opinion letter of Yugoslavian law expert was admissible in evidence pursuant to Rule 44.1), 
Overseas Development Disc Corp. v. Sangamo Construction Co.
, 840 F.2d 1319, 1324 (7th Cir. 1988) (expert testimony as to meaning of Kuwaiti statute admissible pursuant to Rule 44.1), and 
United States v. First National Bank of Chicago
, 699 F.2d 341, 343-44 (7th Cir. 1983) (unsworn attorney letters and nonlawyer affidavits offered as proof of Greek law admissible pursuant to Rule 44.1).

Although these cases appear to support Bianchi's argument, we are not bound by the Federal Rules of Civil Procedure or by federal decisions other than decisions of the United States Supreme Court.  
Wenig v. Lockheed Environmental Systems & Technologies Co.
, 312 Ill. App. 3d 236, 241, 726 N.E.2d 645 (2000) (federal administrative rules do not bind the state courts); 
City of Chicago v. Loitz
, 11 Ill. App. 3d 42, 295 N.E.2d 478 (1973) (decisions of federal courts other than United States Supreme Court have advisory effect upon Illinois courts, and require respect and consideration, but are not binding on Illinois courts).  
Bianchi has not cited any Illinois authority on this point.  Thus, guided by the case we cited earlier, 
C.L. Maddox
, 208 Ill. App. 3d at 1047, we conclude that the opinion letter was inadmissible hearsay, and therefore properly disregarded by the trial court in denying Bianchi's motion for reconsideration.

Bianchi attached what appear to be unauthenticated translations of Italian statutes to her appellate brief, and when asked about this attachment during oral arguments, Bianchi's attorney indicated that he speaks Italian and had translated the foreign law for our benefit.  In her brief, Bianchi cites 
Roxas v. Marcos
, 89 Haw.i 91, 117, n.16, 969 P.2d 1209, 1235 n.16 (1999) for the proposition that we may take judicial notice of foreign law.  
Roxas
, however, is a Hawaiian decision interpreting that state's rules of evidence (Haw. R. Evid. Rule 202(c)(5) (1993)), 
Roxas
, 89 Hawaii at 117 n.16, 969 P.2d at 1235 n.16.  Therefore, it has no bearing on this Illinois state court proceeding; particularly when it 
conflicts with clear and unambiguous 
Illinois law indicating that Illinois courts cannot 
take judicial notice of the laws of foreign countries (735 ILCS 5/8-1007 (West 1998)).  

Furthermore, as a reviewing court, we cannot consider this attachment or any other material outside the certified record.  
Harris v. Old Kent Bank
, 315 Ill. App. 3d 894, 898, 735 N.E.2d 758 (2000) (striking interrogatory answers attached to brief as not properly before the reviewing court); 
Jones v. Police Board of the City of Chicago
, 297 Ill. App. 3d 922, 930, 697 N.E.2d 876 (1998) (striking supplemental appendix which presented transcript of proceedings).  Thus, the unauthenticated translations of the Italian statutes are not properly before this court, and are stricken.

During oral argument, Bianchi indicated that she had done all that was required of her under the Recognition Act by providing certified copies and authenticated English translations of the Italian judgment and her subsequent intimation.  She now emphasizes this conclusion, indicating that the "gist of this appeal" is that the trial court "failed to examine the Judgment under Italian law as required by the Foreign Judgments Act."  However, the Recognition Act has not replaced the fundamental principle that it is incumbent upon the plaintiff to factually plead a claim upon which relief can be granted.  When Bianchi deliberately refrained from providing the facts she considered dispositive, she prevented the trial court from determining that the Italian judgment was in fact final, conclusive and enforceable where rendered.  Accordingly, the court did not err in denying Bianchi's motion for reconsideration.  
Kaiser v. MEPC American Properties, Inc.
, 164 Ill. App. 3d at 987.

Bianchi's final argument is that comity is an additional basis for recognizing and enforcing the foreign judgment.  There is no Illinois case law directly on point; however, the State of Washington has also adopted the Recognition Act (West's RCWA 6.40.010 
et
 
seq
.), and its courts have addressed Bianchi's theory.  
Mayekawa Manufacturing Co., Ltd. v. Sasaki
, 76 Wash. App. 791, 799, 888 P.2d 183, 188 (1995), indicates that unless there are compelling reasons, the principles of international comity do not require enforcement of a judgment that is not otherwise enforceable under the Recognition Act.  Bianchi has not argued that any compelling reasons exist.  In light of this fact, and the holding in 
Mayekawa Manufacturing
, we reject Bianchi's comity argument.

The decision of the trial court is affirmed.

Affirmed.

BURKE, P.J. and GORDON, J., concur.